**CITIES SERVICE GAS COMPANY, et al., Plaintiffs-Appellants,**

v.

**OKLAHOMA TAX COMMISSION, et al., Defendants-Appellees.**

No. 80–2021.

United States Court of Appeals, Tenth Circuit.

Argued July 14, 1981.

Decided Aug. 5, 1981.

Lee B. Thompson, Oklahoma City, Okl., for plaintiffs-appellants (Alfred O. Holl, Gen. Counsel, R. James Leithead, Asst. Gen. Counsel, William J. Sears, Senior Atty., Oklahoma City, Okl. for plaintiff-appellant Cities Service Gas Company.

Edwin R. Sherwood, Colorado Springs, Colo. and Joel L. Green, Washington, D. C., for plaintiff-appellant Colorado Interstate Gas Company.

Jack L. Underwood and Marcia Harley, Houston, Tex., for plaintiff-appellant El Paso Natural Gas Co.

Elmer J. Jackson, Vice-President, Gen. Counsel and Secretary and Robert A. Miller, Jr., Lakewood, Colo. for plaintiff-appellant Kansas-Nebraska Natural Gas Company, Inc.

William J. Legg, S. Paul Hammons, Mona S. Lambird, Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc., Oklahoma City, Okl., and William W. Brackett, Daniel F. Collins, Brackett & Collins, Washington, D. C., and Steve H. Finch, Michigan Wisconsin Pipeline Company, Detroit, Mich., for plaintiff-appellant Michigan Wisconsin Pipeline Company.

Joseph M. Wells, Richard E. Terry and Emmitt C. House, Chicago, Ill., for plaintiff-appellant Natural Gas Pipeline Company of America.

Patrick J. McCarthy and Jane Alseth, Omaha, Neb., for plaintiff-appellant Northern Natural Gas Company.

Clarence A. Conoley, Joan R. Huff, Kansas City, Mo. and Wendell J. Doggett, Houston, Tex., for plaintiff-appellant Panhandle Eastern Pipe Line Company.

Joseph F. Weiler, Gen. Atty., Transwestern Pipeline Company, Houston, Tex., for plaintiff-appellant Transwestern Pipeline Company, with him on the brief).

Bryce A. Baggett, Oklahoma City, Okl., for defendant-appellee (Marjorie Patmon, Gen. Counsel and Donna E. Cox, Atty., Oklahoma Tax Commission, Oklahoma City, Okl., with him on the brief).

Before DOYLE, McKAY, Circuit Judges, and CHILSON *, District Judge.

WILLIAM E. DOYLE, Circuit Judge.

This appeal is that of the plaintiffs in the court below, nine pipeline companies, which companies challenge the constitutionality of the Oklahoma Conservation Excise Tax, 68 O.S. § 1107, et seq. (1977), as related to the Tax Credit Act, 68 O.S. § 2357 D (1977).

---

* Of the United States District Court for the District of Colorado, sitting by designation.

The action arose in the United States District Court for the Western District of Oklahoma. The plaintiffs sought a declaratory judgment that the taxes, the one, the excise tax and the other, the credit act, considered together, are unconstitutional. Injunction was sought on further collections, and it was prayed that a judgment be entered granting a refund of taxes previously paid.

The district court dismissed the action on the grounds that 28 U.S.C. § 1341, the so-called Tax Injunction Act of 1937, barred the federal court from exercising subject matter jurisdiction over the claim. The plaintiffs' motion to amend or alter the order was denied, and this appeal followed.

Title 28 U.S.C. § 1341, the pertinent statutory provision, provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such State.

It is undisputed that § 1341 applies to claims seeking declaratory judgments and refunds of taxes paid as well as injunctive relief. *Great Lakes Dredge and Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972), *cert. denied*, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973); *Kelly v. Springett*, 527 F.2d 1090 (9th Cir. 1975); *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323 (5th Cir. 1979).

The position of the plaintiffs with respect to the above statute is that under *Hillsborough v. Cromwell*, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946), if there is uncertainty surrounding the adequacy of the state remedy, a federal court should maintain jurisdiction over the claim. Plaintiffs contend that since in *Post Oak Oil Co. v. Oklahoma Tax Commission*, 575 P.2d 964 (Okl.1978), the Oklahoma court upheld the constitutionality of the taxes in question, they are precluded from obtaining relief in the Oklahoma state courts. Therefore, plaintiffs argue that § 1341 is not operative and does not control this situation. This,

then, is the issue which is presented and which determines the case. The question is whether there is a plain, speedy and efficient remedy as mentioned in § 1341, where the Supreme Court of Oklahoma has already spoken on the subject. The second question is whether this takes care of the necessity for pursuing a local remedy. In other words, if the state court has spoken on the issue, does this take care of the problem and render § 1341 inapplicable? We think not.

In dismissing plaintiffs' cause of action, the trial court cited *Non-Resident Taxpayers Association v. Municipality of Philadelphia*, 478 F.2d 456 (3rd Cir. 1973). There the Third Circuit rejected the argument that plaintiffs did not have a plain, speedy and adequate remedy in the state court because the high court of the state in question had previously recognized the taxing power challenged by the plaintiffs. The Third Circuit held that *Hillsborough* does not hold that the unlikelihood of success in the state courts is sufficient reason to remove the case from the operation of the federal jurisdiction provision of § 1341. We agree with the position that the trial court took in holding that *Hillsborough* does not answer the question at issue in the case. Furthermore, there is a recent Supreme Court decision on point: *Rosewell v. La-Salle National Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). This latter decision clearly indicates that the likelihood of plaintiff's success in the state court is not a factor to be considered when determining whether the jurisdictional prohibition of § 1341 applies.

*Rosewell* involved the challenge of an Illinois statute which required taxpayers to pay the full amount of taxes assessed by state officials, even if the assessed taxes greatly exceeded the amount due. Under state procedures, the excess monies paid in taxes would be refunded to the taxpayer in approximately one to two years without interest. The plaintiff maintained that the state law requiring payment of taxes three and one-half times the lawful amount deprived her of equal protection and due process secured by the Fourteenth Amendment.

In *Rosewell*, there had been an exhaustion of administrative remedies by appealing the assessment of the property in question in 1974, 1975, 1976 and 1977. Each time the plaintiff's challenge was unsuccessful. The sole remedy under the Illinois law was the payment of the contested taxes under protest and the filing of an objection to the tax. In one to two years the tax would be refunded. Pursuant to two Illinois state court decisions, the plaintiff was unable to receive interest for the state's use of her money for that period. *Clarendon Associates v. Korzen*, 56 Ill.2d 101, 109, 306 N.E.2d 299, 303 (1973); *Lakefront Realty Corp. v. Lorenz*, 19 Ill.2d 415, 422–423, 167 N.E.2d 236, 240–241 (1960). The allegation, therefore, was that her state remedies were inadequate, and thus, 28 U.S.C. § 1341 did not preclude federal court jurisdiction over her claim. The Seventh Circuit agreed with the plaintiff's contentions. 604 F.2d 530 (7th Cir. 1979). But the Supreme Court reversed. It held that § 1341 prohibited federal court jurisdiction where a procedural remedy as opposed to a substantive remedy was available in the state court. Thus, it is not up to the court in which § 1341 is applied or is brought into play to evaluate the strength of the remedy which is available.

The Supreme Court recognized in *Rosewell* that plaintiff received no substantive relief in the state court. The Supreme Court held, nevertheless, that federal jurisdiction was barred by § 1341, and that that was the significant feature. Justice Stevens, joined by Justice Stewart, Justice Marshall and Justice Powell, dissented, stating that in enacting § 1341 Congress "did not intend an inadequate state remedy to oust a federal court's jurisdiction over a taxpayer's constitutional claim." 450 U.S. at 530, 101 S.Ct. at 1238.

The dissenting opinion in *Rosewell* focused on the inadequacy of the state remedy because of the substance of that remedy. The dissent said that the question to be asked was whether the taxpayer had a sufficient remedy in the state court, and thus, a state "remedy" which would not afford relief, or which could afford only inade-

quate relief, was not intended to defeat federal jurisdiction. The majority, however, disagreed, and concluded that if minimal procedural remedies are available for the taxpayer to challenge the validity of the tax the federal court must abstain. It was said in that opinion:

> The overall purpose of the Tax Injunction Act is consistent with the view that the "plain, speedy and efficient remedy" exception to the Act's prohibition was *only* designed to require that the state remedy satisfy certain procedural criteria * * *. 450 U.S. at 522, 101 S.Ct. at 1233 (emphasis supplied).

The Court went on to hold that the Illinois state court refund procedure provided taxpayers with a "full hearing and judicial determination" at which to raise any constitutional objections to the tax, that the taxpayers could appeal to the higher Illinois courts, and that review was ultimately available in the Supreme Court. Therefore, the Court found that the plaintiff's sole remedy was in the state court.

In the case before us, 68 O.S. § 207 (1971) gives Oklahoma taxpayers the right to a full oral hearing before the Oklahoma Tax Commission in which all arguments may be presented. 68 O.S. 225 (1971) gives the taxpayer the right to appeal from the Commission's order directly to the Oklahoma Supreme Court. Under 68 O.S. § 226 (1971) the taxpayer may bring suit in the District Court of Oklahoma for recovery of taxes paid. These procedures meet the requirements set out by the Supreme Court that the state procedural remedy provide the opportunity for a "full hearing and judicial determination" of the plaintiffs' claim. Plaintiffs' argument that a full and fair hearing may not be available in the Oklahoma state court due to the prior decision in *Post Oak Oil Co. v. Oklahoma Tax Commission*, 575 P.2d 964 (Okl.1978), which upheld the constitutionality of the tax in question, is no more valid than an argument that in *Rosewell* the plaintiff could not get a full and fair hearing in the Illinois state court because the county assessor had previously

refused to correct her assessment, and Illinois courts had previously held that interest payments for overpayment of taxes were prohibited. The Supreme Court implicitly rejected that argument in *Rosewell*, and thus, we are compelled to reject that argument in the present case.

Nor are we in agreement with the argument of plaintiffs that *Maryland v. Louisiana*, —— U.S. ——, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981), applies to this case. In *Maryland*, the Supreme Court exercised its *original* jurisdiction because of serious and important concerns regarding federalism. The Court specifically stated that 28 U.S. § 1341 did not apply in cases involving the Court's original jurisdiction. —— U.S. at ——–——, note 21, 101 S.Ct. at 2126–28 note 21. Therefore, *Maryland v. Louisiana* is not applicable here.

In accordance, therefore, with the authorities cited above and the Supreme Court's ruling in *Rosewell v. LaSalle National Bank*, we have no option other than the affirmance of the district court's dismissal of this action for lack of subject matter jurisdiction.

Accordingly, we affirm the judgment of the district court.