Chester Lee BROOKS, Jr., and Larry Joe Brooks, Plaintiffs-Appellants,

v.

Odie A. NANCE, Robert A. Wadley, J.L. Merrill, Howard Evans, Jack Clouse, J. Lawrence Blankenship, Joe Mark Elkouri, Leisa M. Gebetsberger, Brenda Collinson, Gertie Rogers, Bud Hooper, Earl Wade, R.D. McAtee, Jim Valentine, D.L. Myers, Deputy Sheriff Feree, John Doe 1–5, Deputy Sheriff Bill O'Dell, Frank Thurman Sheriff, Oklahoma Tax Commission, Defendants-Appellees.

No. 84–2495.

United States Court of Appeals, Tenth Circuit.

Sept. 26, 1986.

James R. Winnie, Oklahoma City, Okl., and Leslie R. Reynolds, Delaware Indian Center, Bartlesville, Okl., for plaintiffs-appellants.

Susan K. Morgan, Asst. Dist. Atty., Tulsa, Okl., for defendants-appellees R.D. McAtee, Jim Valentine, D.L. Myers, Deputy Sheriff Feree, Deputy Sheriff Bill O'Dell, and Sheriff Frank Thurman.

Michael C. Turpen, Atty. Gen. of Oklahoma, Robert A. Nance, and Lynn Barnett, Asst. Attys. Gen., Oklahoma City, Okl., for defendants-appellees Odie A. Nance, Robert A. Wadley, J.L. Merrill, Howard Evans, Jack Clouse, J. Lawrence Blankenship, Joe Mark Elkouri, Leisa M. Gebetsberger, Brenda Collinson, Gertie Rogers, Bud Hooper and Earl Wade.

Duane N. Rasmussen and Robert C. Jenkins, Oklahoma City, Okl. for defendant-appellee Oklahoma Tax Comn.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore submitted without oral argument.

Plaintiffs, Chester Lee Brooks and Larry Joe Brooks,[1] are Delaware Indians who sell cigarettes and tobacco products in their smoke shop in Tulsa County, Oklahoma. Their business premises are leased from two Creek Indians whose power of alienation over the land is restricted.

The Brooks brothers brought this action seeking damages, injunctive relief and declaratory relief under 42 U.S.C. § 1983 (1982). Their civil rights were allegedly violated when state tax commission officials and sheriff's deputies seized for forfeiture certain untaxed cigarettes which the Brooks brothers had for sale. They appeal the trial court's decision that the Tax Injunction Act, 28 U.S.C.A. § 1341 (West 1976), deprived it of subject-matter jurisdiction.

■ The Tax Injunction Act provides:
The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

*Id.* Section 1341 is a broad prohibition against the use of equity powers of federal courts involving state tax matters. *See Comenout v. Washington,* 722 F.2d 574, 577 (9th Cir.1983). We noted in *Southland Royalty Co. v. Navajo Tribe of Indians,* 715 F.2d 486 (10th Cir.1983), that "[s]everal recent Supreme Court cases have reaffirmed the limiting power of this statute." *Id.* at 491. This broad limitation on federal court interference with state collection of taxes is not limited to injunctive

relief. The Tax Injunction Act bars declaratory relief, *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507–08, 73 L.Ed.2d 93 (1982), and suits for damages as well, *Marvin F. Poer & Co. v. Counties of Alameda,* 725 F.2d 1234, 1236 (9th Cir.1984).

■ The Brooks brothers contend that the Tax Injunction Act should not prohibit federal court jurisdiction because the gravamen of their complaint is the alleged violation of civil rights, and thus state taxability is incidental. In essence, the Brooks brothers assert that a civil rights action constitutes an exception to the specific jurisdictional bar expressed by section 1341.

■ The weight of case authority does not support this view. We agree with the courts that have held the Tax Injunction Act bars a civil rights action. *See, e.g., Huber Pontiac, Inc. v. Whitler,* 585 F.2d 817, 820 (7th Cir.1978); *King v. Sloane,* 545 F.2d 7, 8 (6th Cir.1976); *Mandel v. Hutchinson,* 494 F.2d 364, 366 (9th Cir. 1974). We also agree with those decisions rejecting, for purposes of section 1341, a distinction between validity and enforceability of state tax laws, and holding that section 1341 cannot be avoided by an attack on the administration of a tax as opposed to the validity of the tax itself. *See, e.g., Czajkowski v. Illinois,* 460 F.Supp. 1265, 1272 (E.D.Ill.1977), *aff'd mem.,* 588 F.2d 839 (7th Cir.1978). The Second Circuit aptly explained: "Basing a complaint upon alleged violation of civil rights, 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 or of the Federal Constitution will not avoid the prohibition contained in Section 1341." *Hickmann v. Wujick,* 488 F.2d 875, 876 (2d Cir.1973); *see also Kimmey v. H.A. Berkheimer, Inc.,* 376 F.Supp. 49, 53 (E.D.Pa. 1974), *aff'd mem.,* 511 F.2d 1394 (3d Cir. 1975).

[4] Appellants further argue that the Tax Injunction Act should not bar their action because Oklahoma has no jurisdic-

---

1. Plaintiffs are brothers who brought this action on their own behalf, not on behalf of any Indian tribe.

tion over "Indian country." We reject this position. This action was brought by Indians against non-Indians, and the Supreme Court "repeatedly has approved the exercise of jurisdiction by state courts over claims by Indians against non-Indians, even when those claims arose in Indian country." *Three Affiliated Tribes v. Wold Engineering*, 467 U.S. 138, 148, 104 S.Ct. 2267, 2274, 81 L.Ed.2d 113 (1984). The exercise of state court jurisdiction in this case would not interfere with the right of tribal Indians to govern themselves under their own laws. "As a general matter, tribal self-government is not impeded when a state allows an Indian to enter its courts on equal terms with other persons to seek relief against a non-Indian concerning a claim arising in Indian country." *Id.* at 148–49, 104 S.Ct. at 2275.

Appellants contend that if the Tax Injunction Act is relevant to this case, then their action falls under the exception found in the Act. Under that exception, the jurisdictional bar does not apply unless "a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341 (1982). The Supreme Court, however, has cautioned us to construe that exception narrowly. *Grace Brethren Church*, 457 U.S. at 413, 102 S.Ct. at 2510, 73 L.Ed.2d 93 (1982). In *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 512, 101 S.Ct. 1221, 1228–29, 67 L.Ed.2d 464 (1981), the Court concluded that if minimal procedural remedies are available for the taxpayer to challenge the validity of the tax, the federal court must abstain. Thus, we should place emphasis on "a *procedural* interpretation" when applying the exception. *Id.* The First Circuit has explained:

> [T]he Supreme Court has specifically held that the words "plain, speedy and efficient remedy" are to be given a purely *procedural* interpretation. A state remedy is adequate if it meets "certain minimal *procedural* criteria," which include an opportunity to *raise* the desired

legal objections with the eventual possibility of Supreme Court review of that claim.... Thus, the Supreme Court in *Rosewell* upheld a state court refund procedure because it "provides the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax," 450 U.S. at 514, 101 S.Ct. at 1230....

*Carrier Corp. v. Perez*, 677 F.2d 162, 165–66 (1st Cir.1982) (citations omitted).

■ We conclude that, for purposes of section 1341, Oklahoma provides an adequate remedy to challenge the lawfulness of its taxing policies and practices under the Oklahoma Cigarette Tax Act. *See Cities Service Gas Co. v. Oklahoma Tax Commission*, 656 F.2d 584, 587–88 (10th Cir.), *cert. denied*, 454 U.S. 1124, 102 S.Ct. 972, 71 L.Ed.2d 111 (1981); *see also Bunte Candies, Inc. v. Cartwright*, 508 F.Supp. 229, 236 (W.D.Okla.1981). As taxpayers, the Brooks brothers may apply for a hearing before the Tax Commission to challenge any incorrect assessment of taxes. Okla.Stat.Ann. tit. 68, § 207(c) (West 1966). They have the option of appealing the Tax Commission's decision directly to the Supreme Court of Oklahoma, *id.* § 225 (West Supp.1985), or paying the disputed tax and instituting an action in any state court having jurisdiction over the parties and the subject matter, *id.* § 226. They may also apply for injunctive and declaratory relief in the Oklahoma state courts.[2] Okla.Stat.Ann. tit. 12, §§ 1397, 1651–1657 (West 1980). Moreover, section 1983 claims may be brought in the state court system. *See, e.g., Willbourn v. City of Tulsa*, 721 P.2d 803 (Okla.1986) (section 1983 available in state court even though state remedy time-barred). In sum, the Brooks brothers may secure a plain, speedy and efficient remedy in the state courts similar to that sought in the federal district court.

■ Though we find that section 1341 deprived the federal district courts of sub-

---

2. The Brooks brothers also argue that they have no adequate remedy in state courts because Oklahoma law would subject them to a separate lawsuit each time they received a new shipment

of cigarettes. Because injunctive and declaratory relief are available, there is no merit to this argument.

ject-matter jurisdiction in this action, we conclude that the doctrine of comity also provides a basis for arriving at the same conclusion. The Supreme Court has explained that "even where the Tax Injunction Act would not bar federal-court interference in state tax administration, principles of federal equity may nevertheless counsel the withholding of relief." *Rosewell*, 450 U.S. at 525–26 n. 33, 101 S.Ct. at 1235–36 n. 33, 67 L.Ed.2d 464 (1981). The Court held that the principle of comity itself bars federal courts from granting injunctive as well as declaratory relief in state tax cases. *Fair Assessment in Real Estate Association v. McNary*, 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981). Holding that the doctrine of comity barred taxpayers from asserting section 1983 actions in federal courts to redress the allegedly unconstitutional administration of state tax systems, the Court stated:

> " 'The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal rights may be preserved without it.' ... Interference with state internal economy and administration is inseparable from assaults in the federal courts on the validity of state taxation, and necessarily attends injunctions, interlocutory or final, restraining collection of state taxes. These are the considerations of moment which have persuaded federal courts of equity to deny relief to the taxpayer...." [*Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 298, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943)] (quoting *Matthews v. Rodgers*, 284 U.S. [521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932)]).

*McNary*, 454 U.S. at 111, 102 S.Ct. at 183.

With respect to the adequacy of state remedies, the *McNary* Court discerned

> no significant difference, for purposes of the principles recognized in this case, between remedies which are "plain, adequate, and complete," as that phrase has

been used in articulating the doctrine of equitable restraint, and those which are "plain, speedy and efficient," within the meaning of § 1341.... Both phrases refer to the obvious precept that plaintiffs seeking protection of federal rights in federal courts should be remitted to their state remedies if their federal rights will not thereby be lost.

454 U.S. at 116 n. 8, 102 S.Ct. at 186 n. 8 (citations omitted). Having already concluded that Oklahoma provides adequate remedies for the Brooks brothers, we conclude that the principle of comity bars their action in federal court to redress the alleged unconstitutional administration of Oklahoma's tax system.

We hold that Brooks brothers' other arguments are without merit.

AFFIRMED.