See also 722 F.Supp. 649.

**In re The DEPARTMENT OF ENERGY STRIPPER WELL EXEMPTION LITIGATION.**

**MOBIL OIL CORPORATION, Plaintiff,**

**v.**

**The UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants.**

**M.D.L. No. 378.**

**Civ. A. No. 78–1070.**

United States District Court, D. Kansas.

June 12, 1990.

---

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the following motions: the motion of the State of Oklahoma and the Oklahoma Tax Commission to dismiss Mobil Oil Corporation's complaint for lack of subject matter jurisdiction (Doc. 1538); Mobil Oil Corporation's motion for summary judgment against the State of Oklahoma and the Oklahoma Tax Commission (Doc. 1599); and the motion of the State of Oklahoma and the Oklahoma Tax Commission to dismiss Kerr–McGee Corporation's cross claim (Doc. 1557).

A very brief summary of the background of this dispute is in order. After Mobil Oil Corporation (Mobil) filed this action in 1978, it obtained an injunction from this court allowing it to charge the higher stripper well price for crude oil produced on certain properties which would not otherwise have qualified for the stripper well exemption from price controls. Pursuant to the injunction, Mobil was required to remit to the escrow account established by the court the price differential between the stripper well price and the controlled price for the crude oil. Mobil and/or the first purchasers of Mobil-produced stripper well crude oil remitted severance taxes to the State of Oklahoma on the stripper price increment. Consequently, only the net after-tax amount was deposited into escrow.

At least a portion of the severance taxes which Mobil paid to the State of Oklahoma

on the stripper price increment were paid conditionally. Oklahoma segregated those funds into a separate account. At some point in time, those funds were released into Oklahoma's general fund. When Mobil attempted to obtain a tax refund for the severance taxes paid on the stripper price increment, no funds were available in the segregated account. Oklahoma denied the request for refund as untimely.

The United States asserted a counterclaim on behalf of the Department of Energy against the remaining plaintiffs, including Mobil. The United States seeks an order that each plaintiff deposit into the court's escrow account the full amount due for any overcharges from the subject stripper properties, together with prejudgment interest. The United States additionally seeks an order for each plaintiff which has received a Remedial Order that includes such stripper well violations to deposit in escrow the amounts necessary to complete restitution with respect to any other violations set forth in the remedial order. Doc. 1447. Mobil filed an answer to the counterclaim and a third party complaint against the State of Oklahoma, the Oklahoma Tax Commission, Sun Company, Inc., Koch Industries, Inc., and Kerr–McGee Corporation. Doc. 1493.

In a previous opinion and order (722 F.Supp. 649) the court granted the Department of Energy's (DOE) motion for summary judgment against Mobil. The court ordered Mobil to deposit the sum of $10,214,510, plus interest accruing after March 31, 1989 through the date of payment, into the escrow account established by this court as restitution for stripper well oil overcharges. Part of this sum represents that portion of the stripper price increment which was paid to the State of Oklahoma as severance taxes instead of being paid into the escrow. The court has recently denied Mobil's motion for reconsideration. 739 F.Supp. 1446.

Mobil's motion for summary judgment against the State of Oklahoma and the Oklahoma Tax Commission (collectively referred to as Oklahoma) seeks a declaration that Oklahoma's continued retention of severance taxes violates the court's injunction

and the Final Settlement Agreement approved by the court, constitutes unjust enrichment, and violated the federal price control laws. Mobil also seeks an order requiring Oklahoma to pay funds into the escrow account.

Oklahoma seeks dismissal of Mobil's claim for lack of subject matter jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341, the Eleventh Amendment, principles of comity, and failure to exhaust state administrative remedies. Oklahoma seeks dismissal of Kerr–McGee Corporation's cross claim for lack of subject matter jurisdiction for primarily the same reasons. Because the court concludes that it lacks subject matter jurisdiction, the motions to dismiss shall be granted. Mobil's motion for summary judgment shall be denied.

## I. Mobil–Oklahoma Claim

■ The Tax Injunction Act provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. This statute was intended to limit drastically federal court jurisdiction to interfere with the collection of taxes. *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 522, 101 S.Ct. 1221, 1234, 67 L.Ed.2d 464 (1981). The proper focus for the court is not on the specific form of relief requested but on its practical effect. *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100, 111, 102 S.Ct. 177, 184, 70 L.Ed.2d 271 (1981). The Tax Injunction Act applies to claims seeking declaratory judgments, injunctive relief, and refunds of taxes paid. *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir.1986); *Cities Service Gas Co. v. Oklahoma Tax Commission*, 656 F.2d 584, 586 (10th Cir.), *cert. denied*, 454 U.S. 1124, 102 S.Ct. 972, 71 L.Ed.2d 111 (1981).

Mobil's third party complaint against Oklahoma alleges that it made a severance tax refund claim on June 17, 1985. The Oklahoma Tax Commission requested additional documentation but noted that Mobil's

request was probably timely. In March 1986, the Oklahoma Tax Commission advised Mobil that its tax refund request was premature. In March 1987, the Oklahoma Tax Commission denied Mobil's June 1985 claim for a refund on the grounds that it was untimely. Doc. 1493.

■ Count I of the third party complaint against Oklahoma alleges that Oklahoma's refusal to refund the severance taxes violates the Final Settlement Agreement. Count II alleges that the refusal to refund the severance taxes constitutes unjust enrichment. Count III alleges that the refusal to refund severance taxes violates Oklahoma law. Mobil prays for judgment in the amount of $1,572,244.89 plus interest and for a declaration that Oklahoma has violated the Final Settlement Agreement by its refusal to refund taxes; that Oklahoma has been unjustly enriched by the amount of the unrefunded taxes; and that Oklahoma violated state law by refusing to refund the taxes. Doc. 1493.

Mobil asserts that this action does not fall within the scope of the Tax Injunction Act. A review of Mobil's third party complaint against Oklahoma reveals that it does fall within the scope of the Act. The relief requested by Mobil, if granted, would have the practical effect of a judgment ordering Oklahoma to refund the severance taxes in question to Mobil. The Tax Injunction Act bars this suit, provided the State of Oklahoma has provided a plain, speedy, and efficient remedy.

The "plain, speedy and efficient remedy" language of the Tax Injunction Act requires a state court remedy that meets certain minimal procedural requirements. *California v. Grace Brethren Church*, 457 U.S. 393, 411, 102 S.Ct. 2498, 2509, 73 L.Ed.2d 93 (1982); *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 512, 522, 101 S.Ct. 1221, 1229, 1233–34, 67 L.Ed.2d 464 (1981). The state remedy must provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any and all constitutional objections to the tax. *Grace Brethren*, 457 U.S. at 411, 102 S.Ct. at 2509; *Rosewell*, 450 U.S. at 514, 515 n. 19, 101 S.Ct. at 1229, 1230 n.

19. Final review of the substantive federal claims may be obtained in the United States Supreme Court. *See Rosewell*, 450 U.S. at 515 n. 19, 101 S.Ct. at 1230 n. 19.

Oklahoma's tax procedures satisfy the procedural requirements for a plain, speedy, and efficient remedy. *See Brooks v. Nance*, 801 F.2d 1237, 1340 (10th Cir. 1986); *Cities Service Gas Co. v. Oklahoma Tax Commission*, 656 F.2d 584, 587 (10th Cir.), *cert. denied*, 454 U.S. 1124, 102 S.Ct. 972, 71 L.Ed.2d 111 (1981). 68 O.S. § 207 provides the taxpayer with the right to a full oral hearing before the Oklahoma Tax Commission in which all arguments may be presented. The taxpayer has the option of appealing directly from the Tax Commission to the Oklahoma Supreme Court, *id.* § 225, or paying the tax and bringing suit in any state district courts having personal and subject matter jurisdiction for recovery of taxes paid. *Id.* § 226. These procedures meet the requirements that the state remedy provide the opportunity for a full hearing and judicial determination of the taxpayer's claim. *See Brooks*, 801 F.2d at 1240; *Cities Service*, 656 F.2d at 587.

Mobil has admitted that it has not sought further review of the initial denial of its tax refund claim, asserting that it would be futile to try. Doc. 1600 at 23. The likelihood of the taxpayer's success in the state court is not a factor to be considered when determining whether the jurisdictional prohibition of the Tax Injunction Act applies, since the Act requires only a procedural, as opposed to a substantive, remedy in state court. *See Cities Service*, 656 F.2d at 586–87 (discussing *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981)).

■ The doctrine of comity is an additional bar to Mobil's claims against Oklahoma. The doctrine of comity bars damage actions challenging the validity of state tax systems in federal court. Taxpayers must seek protection of their federal rights by state remedies, provided those remedies are plain, adequate, and complete. The taxpayer may ultimately seek review of the state decision in the United States Supreme Court. *Fair Assessment in Real Estate*

*Association, Inc. v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981). The doctrine of comity provides a basis for reaching the same conclusion as the Tax Injunction Act—that the court lacks subject matter jurisdiction. *Brooks v. Nance,* 801 F.2d 1237, 1340–41 (10th Cir.1986).

█ The court additionally holds that the Eleventh Amendment is a bar to this action. The Eleventh Amendment provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The United States Supreme Court has consistently held that this amendment bars not only suits brought in federal court by citizens of other states, but also suits brought by the state's own citizens. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). In the absence of consent, a suit in which a state or one of its agencies or departments is named as defendant is barred by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). The Eleventh Amendment defense may be raised at any time. *Id.* at 99 n. 8, 104 S.Ct. at 907 n. 8. *Edelman,* 415 U.S. at 678, 94 S.Ct. at 1363.

Mobil argues that Oklahoma has waived its Eleventh Amendment immunity. A state may waive its immunity and consent to suit in federal court. The state's consent must, however, be unequivocally expressed. *Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907. As the Supreme Court stated in *Edelman,* a waiver of Eleventh Amendment immunity will be found only when stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman,* 415 U.S. at 673, 94 S.Ct. at 1361 (quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)).

Mobil relies on certain provisions of the Final Settlement Agreement as evidence that Oklahoma has waived its Eleventh Amendment immunity. Mobil relies specifically on one clause contained in paragraph VI.B. That paragraph provides in full:

The Parties to this Agreement shall support approval of all of its provisions, shall take all steps and make all filings necessary to its implementation at their own expense or from their respective Escrow funds. DOE will undertake the defense of the Agreement in response to any litigation, in which DOE is named as a party, challenging this Agreement or any action required to be taken by DOE pursuant thereto. However, DOE's agreement to this provision does not circumscribe the discretion of the Attorney General to authorize or preclude the filing of particular pleadings or the making of arguments by DOE in any litigation, and this Agreement shall not create any right of action against DOE concerning the initiation, continuation or conduct of any litigation. All Parties agree to cooperate (1) in defending this Agreement and (2) in any action required to be taken pursuant thereto in any litigation challenging its validity. All Parties also agree that they will fully support the procedures and policies set forth herein in all present and future proceedings involving Alleged Crude Oil Violations and, to the extent any counsel approving the form and content of the Agreement by signature hereon enters an appearance in any such proceeding, counsel will not oppose or do anything inconsistent with such policies and procedures, the terms of this Agreement or any orders pursuant thereto. *Any Party may enforce this Agreement against any other Party* but this Agreement confers no such enforcement right upon any non-Party hereto.

FSA ¶ VI.B. (emphasis added). Oklahoma is a party to the Final Settlement Agreement. The emphasized statement is not, however, an unequivocal expression by Oklahoma of consent to be sued regarding

a state tax matter in federal court in general or in this court in particular.

Paragraph II.A.1 of the Final Settlement Agreement provides in pertinent part:

> A Party who is not otherwise a party to M.D.L. 378 shall not become or be considered a party to M.D.L. 378 by reason of having executed this Agreement nor shall execution hereof be probative of making any Party a party to M.D.L. 378, although all Parties are bound by the terms of this Agreement and agree to be bound by an order of the District Court approving and enforcing the Agreement.

FSA ¶ II.A.1. Oklahoma did not become a party to this multidistrict litigation by executing the Final Settlement Agreement and receiving benefits from it. Paragraph II.A.1 reflects that when the states became signatories to the Final Settlement Agreement, they did not waive their Eleventh Amendment immunity from suit.

■ Mobil argues that jurisdiction arises under the Final Settlement Agreement. The Temporary Emergency Court of Appeals has held that this court has jurisdiction to decide a motion to enforce the Final Settlement Agreement. *In re the Department of Energy Stripper Well Exemption Litigation,* 864 F.2d 796, 800 (Temp.Emer. Ct.App.1988). Mobil relies on several provisions of the Final Settlement Agreement.

Paragraph II.B.3.f provides that funds available for distribution to the states shall be allocated on the basis of historical consumption of refined petroleum products. That paragraph further requires that each state submit certain letters of assurance signed by the governor before any distribution of funds may be made. Mobil relies on the provision that "[t]he payment mechanism set forth herein shall be the exclusive means of achieving distribution of the funds." FSA ¶ II.B.3.f. Mobil argues that the only method by which Oklahoma was entitled to obtain a share of the funds *owing to the escrow* was through the escrow distribution mechanism. Doc. 1600 at 15–16. The quoted section of the paragraph II.B.3.f governs the method of payment of the funds *contained in the escrow.* Paragraph II.B.3.f does not provide any support for Mobil's position.

■ Mobil also relies on the Refiners Release of Claims, Attachment A to the Final Settlement Agreement. Proviso (E) of that document excepts from the settlement:

> Any claim of Grantor ... (ii) as a producer or operator of a crude oil property for refund against, or in response to claims by, any taxing authority for severance, production, Windfall Profit, excise, ad valorem, or other taxes with respect to a crude oil property or crude oil production or as a result of such production (but not including any claim to share in or receive credit for or payment of any Alleged Crude Oil Violations funds to which such taxing authority is ˌentitled to under Paragraph II.B.3 or Part IV of the Settlement Agreement).

FSA, Attachment A. Mobil argues that Oklahoma was on notice that tax refund claims "survived" the Final Settlement Agreement. Doc. 1600 at 16. The court expresses no opinion on this point. Tax refund claims, if any of the Refiners who executed the Refiners Release of Claims have such claims, do not arise under and are not governed by the Final Settlement Agreement.

■ Mobil next relies on paragraph II. A.5:

> Upon District Court approval of this Agreement, and the occurrence of the Payment Date as hereinafter defined, each of the cases making up M.D.L. 378 will be dismissed with prejudice individually *when all remaining issues concerning any alleged monetary liability are finally resolved in that particular case and all money owed in that case has been paid into the M.D.L. 378 Escrow.* DOE agrees not to assert against a Party whose case has been dismissed under this paragraph any additional claim arising out of, or relating to, counting injection wells to qualify a property as a stripper well property for the same production and time period covered by the dismissed case. Each of the Parties agrees to bear its own costs incurred in

the prosecution or defense of M.D.L. 378 litigation.

FSA ¶ II.A.5. (emphasis added). Mobil argues that by this provision, the Final Settlement Agreement made final determination of value for severance tax refund purposes a question subject to the determination of this court. Mobil's argument misses the point. This provision certainly does not make this court the forum for adjudication of state severance tax refund claims.

The Final Settlement Agreement does not resolve the issue of what funds were owed to the escrow or from whom:

> Nothing in this Agreement may be read to enlarge, abridge, limit or otherwise affect the ability of the parties to M.D.L. 378 concerning the determination and collection of the amount of remaining liability, if any, of any party to M.D.L. 378 for counting injection wells to qualify a property as a stripper well property, ...

FSA ¶ II.A.6. There is no provision in the Final Settlement Agreement to "enforce" against Oklahoma.

▪ Mobil argues that the preemption clause of the Emergency Petroleum Allocation Act of 1973 (EPAA), 15 U.S.C. § 755, deprives Oklahoma of jurisdiction. Section 4 of the EPAA, 15 U.S.C. § 753, required the President to promulgate regulations governing allocation and pricing of petroleum products. Section 6(b), the preemption section of the EPAA, provides:

> The regulation under section 4 and any order issued thereunder shall preempt any provision of any program for the allocation of crude oil, residual fuel oil, or any refined petroleum product established by any State or local government if such provision is in conflict with such regulation or any such order.

15 U.S.C. § 755(b). This section precluded state or local regulation of allocation and pricing of petroleum products in conflict with any regulation or order issued under section 4. *Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corp.*, 485 U.S. 495, 108 S.Ct. 1350, 1352, 99 L.Ed.2d 582 (1988). Oklahoma did not regulate the allocation or pricing of petroleum products. Oklahoma did, however, tax petroleum products. The state's taxing powers were not preempted by the EPAA.

▪ Mobil argues that the court has jurisdiction to prevent the unjust enrichment of Oklahoma. Mobil discusses the federal common law principles of equity, but identifies no basis for subject matter jurisdiction. The court has considered Mobil's remaining arguments and has found them either to be without merit or irrelevant in light of the resolution of the subject matter jurisdiction issue. For the reasons discussed above, the court lacks subject matter jurisdiction over this dispute. The motion to dismiss filed by the State of Oklahoma and the Oklahoma Tax Commission will be granted. Mobil's motion for summary judgment will be denied as moot.

## II. Kerr–McGee–Oklahoma Claim

▪ Kerr–McGee filed a cross claim against the State of Oklahoma and the Oklahoma Tax Commission. Kerr–McGee alleges that it remitted severance taxes to Oklahoma based on the incremental value of stripper well oil sold from Mobil-operated Oklahoma properties from which it purchased oil production. Kerr–McGee alleges that Mobil is seeking indemnification for any payments which Mobil may be required to make on Kerr–McGee's account. Kerr–McGee prays for judgment against the State of Oklahoma and the Oklahoma Tax Commission in amount equal to Kerr–McGee's liability on Mobil's claims, plus interest, not to exceed tax payments previously tendered to Oklahoma by Kerr–McGee based upon the incremental value of stripper well oil. Doc. 1537.

The State of Oklahoma and the Oklahoma Tax Commission have filed a motion to dismiss on the grounds that Kerr–McGee's complaint is barred by the Tax Injunction Act, by the principles of comity, and by failure to exhaust administrative remedies. Doc. 1557. Kerr–McGee's arguments do not differ from Mobil's arguments which the court has addressed and rejected above. Additionally, although not raised by Oklahoma, the Eleventh Amendment is a bar to this action for the reasons

discussed above. Accordingly, Oklahoma's motion to dismiss shall be granted.

IT IS BY THE COURT THEREFORE ORDERED Mobil's motion for summary judgment against the State of Oklahoma and the Oklahoma Tax Commission (Doc. 1599) is hereby denied.

IT IS FURTHER ORDERED that the State of Oklahoma and the Oklahoma Tax Commission's motion to dismiss Mobil's complaint (Doc. 1538) is hereby granted.

IT IS FURTHER ORDERED that the State of Oklahoma and the Oklahoma Tax Commission's motion to dismiss Kerr–McGee Corporation's cross claim (Doc. 1557) is hereby granted.