**HOME LIFE INSURANCE COMPANY, a New York Corporation, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, COLORADO, Jeannie Jolly, John Nicholl, Thomas R. Eggert, in their official capacities as members of the Board of County Commissioners of Arapahoe County, Colorado, Defendants.**

**Civ. A. No. 93–K–1004.**

United States District Court,
D. Colorado.

Sept. 27, 1993.

**310**

James E. Heiser, Denver, CO, for plaintiff.

Darrel L. Matteson, Asst. Co. Atty., Littleton, CO, for defendants.

### ORDER GRANTING MOTION TO DISMISS

KANE, Senior District Judge.

Plaintiff Home Life Insurance Company brings this § 1983 action against the Board of County Commissioners of Arapahoe County, Colorado and its individual members in their official capacities (collectively, the "Board"). Home Life seeks damages from the Board stemming from its denial of Home Life's several petitions for abatement of real property taxes. The facts of the case have been stipulated, and the parties have filed cross-motions to dismiss or for summary judgment. For the following reasons, I grant the Board's motion to dismiss and deny Home Life's motion for summary judgment.

#### I. *Facts.*

Home Life owned the Days Inn Tech Center, a lodging complex located in Arapahoe County, Colorado. On November 25, 1991, Home Life filed a petition for abatement or refund of the taxes on the Inn. The petition was referred to the county assessor's office for a recommendation before being presented to the Board for its consideration. Philip Effland, a deputy assessor, contacted Mark Krug, a representative of Home Life, and requested additional information on the property. Krug furnished the information on February 20, 1992. After evaluating the information, Effland informed Krug that he would recommend to the Board that the valuation of the Inn be reduced for the 1989 and 1990 tax years, resulting in a tax savings to Home Life of $119,177.55.

Unbeknownst to Effland or Krug, Home Life's petition was mistakenly forwarded to another member of the county assessor's office for a recommendation. That staff member was not aware that Krug had provided additional information on the property to Effland and presented the petition to the Board with the recommendation that it be denied on the grounds that there was no specific data to support an abatement. On April 27, 1992, the Board denied the petition. Home Life was not notified in advance of the

date that the Board was considering its petition. Instead, Home Life was notified by mail that the petition had been denied and that it could appeal the Board's decision within 30 days to the board of assessment appeals.

Home Life did not file an appeal of the Board's decision but relied instead on the assurances of Effland that he would initiate a second petition to correct the error. Effland filed such a petition in June, 1992, but the Board denied it, ruling that it could not consider a second petition after it had ruled on the first. Home Life again was not notified of the date that the Board was considering the second petition and did not appear at the hearing. It received notice by mail of the second denial on September 17, 1992. Home Life then notified Effland of the Board's action. Effland again promised to recommend that the Board grant a third petition.

Home Life filed the third petition on December 31, 1992, which recited that it was intended to correct the clerical error made on the first petition. Effland recommended to the Board that it be granted. On March 15, 1993, the Board again denied the petition, ruling that it was a duplicate of earlier petitions that should have been appealed. Despite its concerted efforts, Home Life was unable to learn when the Board was considering the petition and did not appear at the Board meeting. Home Life then commenced the instant action under § 1983 on May 10, 1993, claiming that the Board's policy of denying petitions for abatement without notice or a hearing violated its right to due process and seeking damages from the Board in the amount of the tax abatement it had hoped to receive.

## II. *Merits.*

 The Board's primary argument in its motion to dismiss is that, under the doc-

trine of comity set forth in *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), Home Life's suit is barred because it had adequate remedies under state law.[1] *McNary* holds that principles of comity preclude federal courts from hearing a damages action under § 1983 challenging a state's administration of its tax system. *Id.* at 116, 102 S.Ct. at 186. This includes lawsuits challenging the procedures for contesting tax assessments as violative of due process. *See Huber Pontiac, Inc. v. Whitler,* 585 F.2d 817 (7th Cir.1978). The doctrine of comity under *McNary* is a doctrinal analog to the Tax Injunction Act, 28 U.S.C. § 1341, *see id.,* 454 U.S. at 107–110, 102 S.Ct. at 181–83, which prohibits similar suits for injunctive or declaratory relief. *See California v. Grace Brethren Church,* 457 U.S. 393, 408–11, 102 S.Ct. 2498, 2507–09, 73 L.Ed.2d 93 (1982); *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). Thus, "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate and complete." *McNary,* 454 U.S. at 116, 102 S.Ct. at 186.[2]

Home Life responds that *McNary* does not apply when the government's own inequitable conduct prevents a taxpayer from using those state law remedies. In essence, Home Life argues that the Board is equitably estopped from asserting that this action is barred by *McNary* because it was misled into believing that appeal would not be necessary because overvaluation would be corrected by the filing of a new petition. Home Life's equitable estoppel argument fails for several reasons.

---

1. The Board also asserts that Home Life's action is barred by its failure to exhaust its state law remedies. I need not reach this issue in light of my dismissal under *McNary.*

2. Because "[t]here is 'no significant difference' between the 'plain, speedy, and efficient' standard set forth in the Tax Injunction Act and the 'plain, adequate, and complete' standard governing comity" under *McNary, Long Island Lighting*

*Co. v. Town of Brookhaven,* 889 F.2d 428, 431 (2d Cir.1989) (citing *McNary,* 454 U.S. at 116 n. 8, 102 S.Ct. at 186 n. 8); *see also Kraebel v. New York City Dept. of Housing Preservation & Dev.,* 959 F.2d 395, 400 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 326, 121 L.Ed.2d 245 (1992), I rely both on cases construing *McNary's* comity doctrine as well as cases dealing with the Tax Injunction Act.

■ First, the doctrine of comity espoused on *McNary* concerns the delicate balance between federal courts and state governments which is essential to our federal system. *See McNary*, 454 U.S. at 103, 102 S.Ct. at 179. It is a principle of judicial restraint. *Id.* at 102, 102 S.Ct. at 178. The doctrine of equitable estoppel, on the other hand, applies in a completely different context. It addresses the relationship between litigants, not our system of federalism. Generally, equitable estoppel bars a person from asserting the contrary of a proposition suggested by his words or conduct. *See Bastian v. Martinez*, 698 P.2d 1373, 1375 (Colo.App. 1984). The Board's allegedly inequitable conduct, however, has nothing to do with whether I may properly exercise jurisdiction over this case. For this reason, I reject Home Life's contention that equitable estoppel prevents me from assessing whether to dismiss this case under *McNary*. *See United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 328 n. 6 (5th Cir.1979) (parallel Tax Injunction Act "is a restraint on the court itself, not merely on the parties, and the parties by their consent may not subvert the statute's jurisdictional bar").

■ Second, assuming the issue of equitable estoppel is otherwise relevant to whether Home Life had adequate state law remedies, it does not apply on these facts. Equitable estoppel may not be invoked against a state or local government entity on the basis of an unauthorized action or promise. *Lehman v. City of Louisville*, 967 F.2d 1474, 1477 (10th Cir.1992); *Seeley v. Board of County Comm'rs*, 791 P.2d 696, 701 (Colo. 1990). Here, the Board notified Home Life in writing of the proper method by which to contest its denial of Home Life's first petition: by appeal within thirty days to the board of assessment appeals. *See* Colo.Rev. Stat. § 39–10–114.5(1) (1993 Supp.). Home Life fails to identify any statutory provision permitting successive petitions for abatement of the same taxes. Therefore, its reliance on Effland's misadvice was not reasonable and its equitable estoppel claim fails. *See Montero v. Myer*, 795 P.2d 242, 249 (Colo.1990) (state officer's authorization of amended protest exceeded statutory authority; therefore,

state could not be estopped by its acceptance of amended protest).

■ Finally, notwithstanding its apparent inability to comply with the tax abatement appeal procedures, I conclude that Home Life's state law remedies were nevertheless "plain, adequate, and complete." State law remedies are adequate if "minimal procedural remedies are available for the taxpayer to challenge the validity of the tax." *Brooks v. Nance*, 801 F.2d 1237, 1240 (10th Cir.1986); *see also Rosewell*, 450 U.S. at 512, 101 S.Ct. at 1228 (state remedy sufficient if procedurally adequate). This must include " 'the opportunity to raise desired legal objections with the eventual possibility of Supreme Court review.' " *Brooks*, 801 F.2d at 1240 (citing *Carrier Corp. v. Perez*, 677 F.2d 162, 165–66 (1st Cir.1982)); *see also Long Island Lighting*, 889 F.2d at 431 (state need only provide full hearing in which taxpayer may raise any and all constitutional objections to tax). I construe this exception to the jurisdictional bar of *McNary* narrowly. *See Hardwick v. Cuomo*, 891 F.2d 1097, 1105 (3d Cir.1989).

■ Here, Home Life had other adequate state law remedies by which to challenge the legality of the Board's policy of denying petitions without notice and a hearing. While Home Life may not have been permitted to raise its constitutional concerns before the board of assessment appeals, *see Lucchesi v. State*, 807 P.2d 1185, 1191 (Colo.App.1990) (administrative agency may not consider constitutionality of statute under which it operates), Home Life could have brought either a state court § 1983 action or an action for declaratory relief challenging constitutionality of the Board's practice of denying notice to losing petitioners, *see id.* Consequently, I conclude that Home Life had plain, adequate and complete remedies under state law and that my exercise of jurisdiction in this case would not be prudent. *See Long Island Lighting Co.*, 889 F.2d at 431 (availability of tax certiorari proceedings, declaratory judgment action, § 1983 action and in state court were adequate means to litigate assessment claims); *Brooks*, 801 F.2d at 1240 (plaintiff's § 1983 action challenging forfeiture of un-

taxed cigarettes precluded by availability of similar state court remedies). Accordingly,

IT IS ORDERED THAT the Defendants' motion to dismiss is GRANTED and Plaintiff's motion for summary judgment is DENIED as moot.