59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dwight HUGHES, Philip Berg, and William Talmage Weis,
Plaintiffs-Appellants,
and
Immanuel Foundation and Fraternity of Preparation, Plaintiffs,
v.
Paul B. BARTON, an individual, and Leo Kanell, an
individual, Defendants-Appellees.
 No. 95-4042.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This appeal comes to us on a summary order of dismissal by the district court. Holding there is no jurisdiction for the section 1983 claims and plaintiffs fail to state a claim on the section 1985 claims, we AFFIRM the district court's order of dismissal.
 
 
 3
 Plaintiffs are the Fraternity of Preparation, a church, the Immanuel Foundation, an "auxiliary church," and the trustees of the two churches. Defendants are the clerk and city attorney of Beaver County, Utah. The Immanuel Foundation owns real property in Beaver County, Utah. Plaintiffs claimed the Foundation was entitled to tax exempt status as a church pursuant to Utah Const. art. XIII, 2(2)(c). Accordingly, they have refused to pay property taxes since 1986.
 
 
 4
 The county sold the real property to satisfy unpaid taxes in May 1991. However, the sale was rescinded on August 5, 1991. The next day, the County Board of Equalization gave notice it would hold a hearing to reconsider the Immanuel Foundation's tax status. The plaintiffs did not attend that hearing. The Board issued findings of fact denying the Immanuel Foundation's tax exempt status. Plaintiffs did not appeal that ruling.
 
 
 5
 Plaintiffs have filed several suits in federal district court based on these facts. We need not consider any cases other than the appeal at bar because, although plaintiffs have attached the Order and Judgment disposing of two prior appeals to their brief on appeal, neither party has argued that these prior appeals should control the disposition of the instant case.
 
 
 6
 Plaintiffs filed a separate action in Utah state court that was dismissed due to their failure to pursue remedies with the State Board of Equalization, pay the tax under protest, or appeal the State Board's findings. This disposition was appealed to the Utah Supreme Court, which summarily affirmed.
 
 
 7
 Plaintiffs then filed this pro se federal action. The case was dismissed by summary order of the district court dated November 8, 1994, on defendants' motion to dismiss. Plaintiffs made a motion for relief from judgment, which was denied.
 
 
 8
 We construe pro se petitions liberally. Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir.1994). We review questions of jurisdiction de novo. Community Action of Laramie County, Inc. v. Bowen, 866 F.2d 347, 351 n. 1 (10th Cir.1989). When deciding a question of jurisdiction, a court must construe all relevant allegations in the light most favorable to the plaintiff. See Mitchell v. King, 537 F.2d 385, 386 (10th Cir.1976). A motion to dismiss should be denied, even if the allegation of jurisdiction is insufficient, if there are facts pleaded in the complaint from which jurisdiction may be inferred. Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375 (10th Cir.1978), cert. denied, 441 U.S. 952 (1979). With these principles in mind, our task is to determine whether jurisdiction can be inferred from the facts alleged in plaintiffs' complaint. The complaint identifies 42 U.S.C.1983 and 1985 as bases for federal question jurisdiction.
 
 
 9
 Defendants argue this action interferes with a state tax levy, and the federal court's jurisdiction to hear such matters is proscribed by statute. The Tax Injunction Act, 28 U.S.C. 1341, provides:
 
 
 10
 The district court shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.
 
 
 11
 This provision also prohibits the federal courts from granting declaratory relief. California v. Grace Brethren Church, 457 U.S. 393 (1982). Insofar as this action seeks declaratory or injunctive relief that would interfere with the tax sale, the district court properly dismissed based on lack of jurisdiction.
 
 
 12
 With regard to the claims for damages under 42 U.S.C.1983, the Tax Injunction Act does not proscribe jurisdiction on its face. However, it is well settled that the doctrine of comity prohibits district courts from exercising jurisdiction. Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100 (1981).
 
 
 13
 With respect to the claims under 42 U.S.C.1985, plaintiffs appear to allege the tax sale violates their equal protection rights. Although defendants argue the doctrine of comity bars all civil rights claims, their authority for this proposition involves section 1983 claims only. Fair Assessment, 454 U.S. 100; Rosewell v. Lasalle Nat'l Bank, 450 U.S. 503 (1981); Brooks v. Nance, 801 F.2d 1237 (10th Cir.1986). However, we need not reach the issue of whether section 1985 claims are barred by the doctrine of comity because plaintiffs fail to state a claim upon which relief can be granted.
 
 
 14
 Under section 1985, a plaintiff must show a conspiracy to deprive plaintiff of equal protection or privileges, an act in furtherance of the conspiracy, and resulting injury to the plaintiff. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir.1993), cert. denied, 114 S.Ct. 925 (1994). Construing the complaint liberally, plaintiffs assert an equal protection claim based on their membership in the Fraternity of Preparation. However, plaintiffs allege no facts showing that defendants have singled out the Fraternity of Preparation in conducting the tax sale or assessing taxes. Therefore, they have not adequately pled a violation of their equal protection rights. Moreover, plaintiffs have failed to allege the conspiracy was grounded upon any class-based animus, which is a requirement for a section 1985 claim. See Pitts v. Board of Educ. of U.S.D. 305, Salina, Kan., 869 F.2d 555 (10th Cir.1989).
 
 
 15
 We may affirm the order of the district court on "any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." United States v. Sandoval, 29 F.3d 537, 542 n. 6 (10th Cir.1994) (citations omitted). Here, the district court's summary order was presumably based on the jurisdictional arguments advanced by defendants to support their motion to dismiss. The district court correctly held this suit lacked subject matter jurisdiction on the claim for declaratory relief on the issue of taxation and on the claims under 42 U.S.C.1983. In addition, plaintiffs have failed to state a claim under 42 U.S.C.1985. Therefore, we AFFIRM the order of dismissal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470