658 F.2d 708
 CITY OF BURBANK, a municipal corporation, City of Glendale,
a municipal corporation, City of Pasadena, a municipal
corporation, City of Los Angeles, a municipal corporation,
the Department of Water and Power of the City of Los
Angeles, and The Metropolitan Water District of Southern
California, Plaintiffs-Appellants,
v.
The STATE OF NEVADA, The Nevada Department of Taxation,
Nevada Tax Commission, and Clark County, Nevada,
Defendants-Appellees.
 No. 79-3800.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 8, 1981.
Decided Oct. 8, 1981.
 
 David W. Hagen, Guild, Hagen & Clark, Reno, Nev., for plaintiffs-appellants.
 Tudor Chirila, Deputy Atty. Gen., Carson City, Nev., argued, for defendants-appellees; Robert J. Miller, Las Vegas, Nev., on brief.
 Appeal from the United States District Court for the District of Nevada.
 Before SKOPIL and FARRIS, Circuit Judges, and CURTIS,* District Judge.
 FARRIS, Circuit Judge:
 
 
 1
 Plaintiffs, which include various Southern California municipalities, a water district and the Los Angeles Department of Water and Power, all purchase from the United States electrical energy generated in Nevada. In May 1977, Nevada enacted legislation imposing a tax on "the value of any right to receive electric power" held by a political subdivision of any other state. Nev.Rev.Stat. §§ 361.157(2) and 361.159(2). Plaintiffs paid the required taxes under protest and filed action in federal district court, alleging that the state taxation violated federal statutory and constitutional laws. They requested a refund of all taxes previously paid and a declaration that any future assessment or collection of taxes would be null and void. The defendants moved to dismiss with prejudice on the ground that the action was precluded by 28 U.S.C. § 1341 (1976). Defendants' motion was granted. We affirm.
 
 
 2
 The Tax Injunction Act prohibits the district courts from enjoining, suspending or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The only question before us is whether the Tax Injunction Act bars plaintiffs from bringing this suit in the federal courts.
 
 
 3
 We have previously held that the prohibition of § 1341 applies to suits for refunds, Kelly v. Springett, 527 F.2d 1090, 1094 (9th Cir. 1975), and to suits for declaratory judgments, Dillon v. Montana, 634 F.2d 463, 464-65 (9th Cir. 1980).
 
 
 4
 Plaintiffs argue that Nevada has expressly waived its immunity from suit in federal district courts. See Nev.Rev.Stat. § 361.420(2) (1979). We need not construe this state legislation, however, since the jurisdictional limitation of § 1341 is not waivable. See Illinois Central Railroad v. Howlett, 525 F.2d 178, 180 (7th Cir. 1975), cert. denied, 424 U.S. 976, 96 S.Ct. 1482, 47 L.Ed.2d 746 (1976); City of Houston v. Standard-Triumph Motor Co., 347 F.2d 194, 197 (5th Cir. 1965), cert. denied, 382 U.S. 974, 86 S.Ct. 539, 15 L.Ed.2d 466 (1966).
 
 
 5
 Plaintiffs contend that 15 U.S.C. § 391 (1976) overrides the jurisdictional limitation of § 1341. Section 391 provides:
 
 
 6
 No State, or political subdivision thereof, may impose or assess a tax on or with respect to the generation or transmission of electricity which discriminates against out-of-State ... consumers of that electricity.
 
 
 7
 In enacting § 391, Congress did not intend to affect § 1341's jurisdictional limitation. See, e. g., S.Rep.No.938, pt. 1, 94th Cong., 2d Sess. 437-38 (1976), reprinted in 1976 U.S.Code Cong. & Ad.News 2897, 3439, 3865-66. When Congress has intended such an effect, it has made its intention explicit. Cf. 49 U.S.C. § 11503(c) (Supp. III 1979) (exempting suits challenging discriminatory taxation of railroads from § 1341's jurisdictional limitation). State courts provide an adequate forum for implementation of § 391. Cf. Arizona Public Service Co. v. Sneed, 441 U.S. 141, 145, 99 S.Ct. 1629, 1632, 60 L.Ed.2d 106 (1979) (noting state court as appropriate forum).
 
 
 8
 Plaintiffs also contended that § 1341 does not apply because this is a diversity jurisdiction action. During oral argument plaintiff's correctly conceded that diversity jurisdiction does not exist because the state agency defendants are not "citizens" for the purpose of diversity jurisdiction. Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1191 (9th Cir. 1970). Accordingly, we do not decide whether § 1341 applies to diversity cases.
 
 
 9
 Finally, although plaintiffs have not challenged the adequacy of Nevada state court remedies, our review of this jurisdictional issue convinces us that the state court remedies are "plain, speedy and efficient," notwithstanding the fact that the plaintiffs must cross state lines to litigate their claims. See Tully v. Griffin, Inc., 429 U.S. 68, 73-74, 97 S.Ct. 219, 222-23, 50 L.Ed.2d 227 (1976). Declaratory relief is available under Nev.Rev.Stat. § 30.040 (1979). Nev.Rev.Stat. § 361.420 (1979) expressly allows many of the plaintiffs' claims to be asserted by an action for a tax refund. Although § 361.420 does not explicitly allow federal claims to be raised in a tax refund suit, the district judge construed Nevada law to allow assertion of such claims after exhaustion of administrative remedies within the meaning of Nev.Rev.Stat. § 361.315-.410 (1979). We give substantial deference to the district judge's expertise in construing state law. See Associated Gen., Etc. v. San Francisco Unified Sch., 616 F.2d 1381, 1384 (9th Cir. 1980); Lewis v. Anderson, 615 F.2d 778, 781 (9th Cir. 1979).[1]
 
 
 10
 Affirmed.
 
 
 
 *
 Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 In at least one federal question case we have given even greater deference, upholding a district court interpretation of state law unless "clearly wrong." See Ryan v. Foster & Marshall, Inc., 556 F.2d 460, 465 (9th Cir. 1977). See generally Washington ex rel. Edwards v. Heimann, 633 F.2d 886, 888 n.1 (9th Cir. 1980)