**V. O. MOTORS, INC., a corporation, Plaintiff-Appellant,**

v.

**CALIFORNIA STATE BOARD OF EQUALIZATION, etc., Defendant-Appellee.**

No. 82–5149.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1982.

Decided Oct. 28, 1982.

Rehearing Denied Dec. 1, 1982.

William Scott, Palo Alto, Cal., for plaintiff-appellant.

Jeffrey M. Vesely, Deputy Atty. Gen., Los Angeles, Cal., for defendant-appellee.

Before ELY, SNEED, and ALARCON, Circuit Judges.

ELY, Circuit Judge:

V. O. Motors, Inc. ("VO") appeals from the dismissal of its suit for declaratory and injunctive relief against the California State Board of Equalization ("the Board"). VO contends that neither 28 U.S.C. § 1341 nor the Eleventh Amendment bars its suit and that it has exhausted its administrative remedies.

VO filed a complaint against the Board alleging that the assessment of use taxes on automobiles that it had leased to the federal government (1) violated the intergovernmental immunity of the federal government from state taxation, (2) was an arbitrary and discriminatory tax against plaintiff, and (3) was the result of an erroneous construction of the Tax Code. In support of this contention it cited two prior decisions of the same District Court (Real, J.) holding that California sales taxes imposed upon lessors of tangible personal property to the United States violated the Federal Constitution. *See United States of America v. California State Board of Equalization,* 650 F.2d 1127 (9th Cir.), aff'd, —— U.S. ——, 102 S.Ct. 1744, 72 L.Ed.2d 157 (1972); *United States of America v. State Board of Equalization,* No. 72–2568–R (Oct. 21, 1975), aff'd, 536 F.2d 294 (9th Cir. 1976).

VO further alleged that it does not have a plain, speedy and efficient state court remedy because of its lack of sufficient assets to pay the tax under protest and sue for refund. VO prayed for declaratory and injunctive relief against the assessment of approximately $380,000 in taxes alleged to be owing.

The Board moved to dismiss, contending that the action (1) was barred by the Eleventh Amendment as a suit against the state, (2) was barred by the Tax Anti-Injunction Statute, 28 U.S.C. § 1341, and (3)

was not properly before the court for failure to exhaust state administrative remedies. The District Court dismissed "without prejudice for want of jurisdiction in this Court," but it cited no specific ground.

VO cites *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in support of its argument that its suit is not barred by the Eleventh Amendment. VO contends that, since it has in effect brought an action to enjoin the enforcement of the state tax statutes by a group of state officers, the *Ex Parte Young* doctrine is applicable.

■ Later Supreme Court interpretations of *Young* and the Eleventh Amendment, however, support the Board's position that the action in this case is barred by the Eleventh Amendment. The *Young* doctrine applies to a state's power to cloak an *individual* officer of the state with immunity from responsibility to the authority of the United States. *Young,* 209 U.S. at 160, 28 S.Ct. at 454. The Eleventh Amendment immunity is designed to allow a state to be free to carry out its functions without judicial interference directed at the sovereign or its agents. *Georgia Railroad & Banking Co. v. Redwine,* 342 U.S. 299, 306, 72 S.Ct. 321, 325, 96 L.Ed. 335 (1952). The *Young* doctrine simply prohibits a state from extending this immunity to individuals who act as officers without constitutional authority. *Id.*

In this case VO has named no individual officers of the State of California as defendants; its complaint seeks injunctive relief only against the California State Board of Equalization, an agency of the State of California.[1] *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 56 L.Ed.2d 1114 (1978) (per curiam), the most recent expression of the Supreme Court concerning the Eleventh Amendment, would seem squarely to control the result here. In a suit for prescrip-

tive relief against a state prison board and certain individuals, the Court held that "[t]here can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit." *Id.* at 782, 98 S.Ct. at 3057. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Specifically, in the context of tax litigation, the Supreme Court has stated that a state's consent to suit against itself in the federal courts is required. *Kennecott Copper Corp. v. State Tax Commission,* 327 U.S. 573, 577, 66 S.Ct. 745, 747, 90 L.Ed. 862 (1946). "The reason underlying the rule . . . is the right of a State to reserve for its courts the primary consideration and decision of its own tax litigation because of the direct impact of such litigation upon its finances." *Id.*[2]

■ VO alternatively argues that Congress has abrogated the state's immunity under the Eleventh Amendment by enacting 28 U.S.C. § 1341.[3] State immunity will be considered abrogated, however, only when the statute or its legislative history clearly indicates a Congressional intention to abrogate that immunity. *Quern v. Jordan,* 440 U.S. 332, 344, 99 S.Ct. 1139, 1147, 39 L.Ed.2d 358 (1979). VO contends section 1341 evidences that intention by affording a federal forum for injunctive relief against the assessment of state taxes when a "plain, speedy and efficient remedy" is not provided by state courts.

■ The Board argues that, as in *Quern,* section 1341 contains no explicit and clear language indicating on its face that Congress intended to sweep away Eleventh

---

1. The District Court dismissed the complaint without prejudice, but VO apparently did not later name individual officers of the state as defendants.

2. VO has not argued that, assuming Eleventh Amendment immunity applies, the state has consented to this action.

3. Section 1341 provides:

   The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Amendment immunity. Moreover, cases involving actions for injunctive relief against tax assessments decided after the enactment of section 1341 have been premised on the assumption that the Eleventh Amendment applies in full force to these cases. *See Kennecott Copper Corp. v. State Tax Commission,* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

The Board's argument appears more persuasive here. There is no explicit indication on the face of section 1341 that Eleventh Amendment immunity was intended to be abrogated, and VO cites no explicit indications in the legislative history. Section 1341 could reasonably be held to apply in those cases in which Eleventh Amendment immunity does not exist—*e.g.,* in suits against state officials as individuals to prevent the enforcement of unconstitutional statutes. *See, e.g., Georgia Railroad & Banking Co. v. Redwine,* 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952).

Thus, the District Court's dismissal of this action for want of jurisdiction can be upheld on the basis that suit is barred by the Eleventh Amendment.[4] We need not address the additional two contentions raised by VO.

AFFIRMED.

---

**4.** VO also argues on appeal that the District Court, because of its prior rulings on the validity of the sales taxes imposed on lessors to the federal government, has ancillary jurisdiction in this action. VO, however, did not raise this argument below and, therefore, this court need not consider it on appeal. *See Telco Leasing, Inc. v. Transwestern Title Co.,* 630 F.2d 691, 693–94 (9th Cir. 1980).