**CAMPBELL TRACTOR AND IMPLEMENT, INC., an Idaho corporation, Plaintiff,**

v.

**The STATE OF NEVADA, ex rel. DEPARTMENT OF TAXATION, Defendant.**

**No. CV–R–83–84–ECR.**

United States District Court, D. Nevada.

Aug. 18, 1983.

---

David R. Belding, Reno, Nev., for plaintiff.

D. Brian McKay, Atty. Gen. by David M. Norris, Deputy Atty. Gen., Carson City, for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court as the result of a motion to dismiss, filed by the defendant on April 7, 1983.

Plaintiff in this action is a "John Deere" farm equipment dealer located in Nampa, Idaho. Plaintiff is a licensed Idaho corporation. Defendant is attempting to impose sales tax liability on plaintiff for sales made through the years of 1972 to 1981 to persons who indicated at the time they made their purchases that they were residents of Nevada. Plaintiff contends that it is not subject to any such tax liability and has brought this action seeking declaratory relief to establish that contention.

Defendant bases its motion to dismiss on two grounds; first, that 28 U.S.C. § 1341 deprives this Court of jurisdiction to hear this case due to the fact that plaintiff has available to him a plain, speedy and efficient remedy in state court, and second, that this Court lacks jurisdiction to hear this case pursuant to the Eleventh Amendment to the United States Constitution.

The Court will address itself to the latter premise of defendant first.

The Eleventh Amendment to the United States Constitution provides that:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

NRS 41.031(3) states:

"The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."

In *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam) the Supreme Court addressed the issue of whether or not a mandatory injunction against the State of Alabama and the Alabama Board of Corrections was unconstitutional in light of the Eleventh Amendment. The Court held that there was no doubt that a suit seeking such an injunction was barred by the Eleventh Amendment unless the State of Alabama had consented to the filing of the suit. 438 U.S. at 782, 98 S.Ct. at 3057–3058.

*Alabama v. Pugh* was cited in a recent Ninth Circuit case which dealt with a situation similar to the one in the case at bar. That case is *V.O. Motors v. California St. Bd. of Equalization,* 691 F.2d 871 (1982). V.O. had filed a complaint against the

Board and had alleged that the assessment of use taxes upon automobiles which it had leased to the federal government was arbitrary and discriminatory, violated the intergovernmental immunity of the federal government and was the result of an erroneous construction of the Tax Code. V.O. also alleged that it was without a plain, speedy and efficient state court remedy because of its lack of sufficient assets to pay the tax under protest and sue for refund. V.O. requested that the district court grant it declaratory and injunctive relief against the assessment of approximately $380,000 in taxes alleged to be owing. The Board moved to dismiss V.O.'s complaint, contending that the action was barred by the Eleventh Amendment and was also barred by the Tax Anti-Injunction Statute, 28 U.S.C. § 1341. The Board also based its motion on the premise that V.O. had failed to exhaust its state administrative remedies. The Ninth Circuit affirmed dismissal of the action, citing *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) for the principle that state immunity will be considered abrogated only when the statute in question or its legislative history clearly indicates a Congressional intention to abrogate that immunity. 691 F.2d at 872. The Court of Appeals then went on to find that § 1341 contains no explicit and clear language indicating that Congress intended to sweep away Eleventh Amendment immunity.

28 U.S.C. § 1341 provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The Ninth Circuit in *V.O.* writes in this respect:

"Moreover, cases involving actions for injunctive relief against tax assessments decided after the enactment of section 1341 have been premised on the assumption that the Eleventh Amendment applies in full force to these cases. *See Kennecott Copper Corp. v. State Tax*

*Commission,* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

". . . There is no explicit indication on the face of section 1341 that Eleventh Amendment immunity was intended to be abrogated, and V.O. cites no explicit indications in the legislative history. . . .

"Thus, the District Court's dismissal of this action for want of jurisdiction can be upheld on the basis that suit is barred by the Eleventh Amendment." 691 F.2d at 873.

So too, the plaintiff in the case at bar has cited no compelling authority to dispel the proposition that the Eleventh Amendment does not pose an absolute bar to its action.

■ At the August 15, 1983, hearing before this Court plaintiff argued that the Eleventh Amendment does not apply to prospective relief such as a suit for declaratory judgment. Plaintiff's contention is not in accordance with the applicable authority. The Eleventh Amendment is a bar to a suit against a state absent that state's consent, irrespective of the nature of the relief sought. *N.A.A.C.P. v. State of California,* 511 F.Supp. 1244 (E.D.Cal.1981); *also see Whitner v. Davis,* 410 F.2d 24 (9th Cir. 1969); *Jacobson v. Tahoe Regional Planning Agency,* 566 F.2d 1353 (9th Cir.1977), *aff'd in part, rev'd in part sub nom. Lake Country Estates, Inc. v. Tahoe Plan.,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979).

■ The Ninth Circuit has also held that 28 U.S.C. § 1341 applies to actions for declaratory relief. That Court reaffirmed its position regarding declaratory relief in *Dillon v. State of Montana,* 634 F.2d 463 (1980). The Court wrote:

"The scope of the jurisdictional bar of § 1341 is broader than its terms immediately indicate. It clearly bars injunctive relief. Decisions of this circuit apply it to suits seeking federal declaratory relief from state taxation. *Housing Authority of City of Seattle v. State of Washington,* 629 F.2d 1307 (9th Cir.1980); *Mandel v.*

*Hutchinson,* 494 F.2d 364, 366 (9th Cir. 1974). In so holding, this court has recognized that any effort to obtain tax exemption or adjustment in federal court interferes with the fiscal operations of the state." 634 F.2d at 464 & 465.

At the hearing of August 15, 1983, plaintiff's attorney stated that the tax issues he wishes to raise have already been twice before the Nevada Tax Commission on appeal. It would therefore appear that plaintiff has, in a sense, had an opportunity to pursue declaratory relief at least at a state administrative level.

The plaintiff asserts, as did V.O., that the extant remedy under state law for challenging assessment of the tax which has been levied against it is not a plain, speedy and efficient remedy because under state law plaintiff is required to pay the tax prior to the outcome of litigation. In light of the dispositive impact which defendant's Eleventh Amendment argument exerts upon this motion that assertion need not be addressed at length. However, the Court notes that the Supreme Court has held that the determination of what constitutes a "plain, speedy and efficient remedy" revolves around the procedural sufficiency of the state remedy rather than the impact the taxpayer will sustain through availing himself of that remedy. The case of *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981) involved a Cook County property owner who refused to pay her taxes because of her belief that the property was improperly assessed. Rosewell alleged violations of her equal protection and due process rights as secured by the Fourteenth Amendment and also asserted that she had no plain, speedy and efficient remedy in the Illinois courts, due in large part to the fact that immediate payment, prior to the adjudication of her claims, was required.

The Supreme Court wrote:

"On its face, the 'plain, speedy and efficient remedy' exception appears to require a state-court remedy that meets certain minimal *procedural* criteria. The Court has only occasionally sought to define the meaning of the exception since passage of the Act in 1937. When it has done so, however, the Court has emphasized a *procedural* interpretation in defining both the entire phrase and its individual word components." 450 U.S. at 512, 101 S.Ct. at 1229, emphasis in original.

In *City of Burbank v. State of Nevada,* 658 F.2d 708, 709 (9th Cir.1981), the Court stated with regard to a similar tax dispute that:

"Finally, although plaintiffs have not challenged the adequacy of Nevada state court remedies, our review of this jurisdictional issue convinces us that the state court remedies are 'plain, speedy and efficient,' notwithstanding the fact that the plaintiffs must cross state lines to litigate their claims. *See Tully v. Griffin, Inc.,* 429 U.S. 68, 73–74, 97 S.Ct. 219, 222–23, 50 L.Ed.2d 227 (1976)."

The plaintiff has not made any allegations to the effect that it would not receive a full and fair hearing adjudicating its claims in state court. Nor is there any indication that it would not.

The disposition which the Court makes of this matter today obviously does not address the merits of the plaintiff's case, but only the procedural aspects thereof. It should not be interpreted as a reflection on the merits or as an indication of how the Court views the equitable considerations of plaintiff's position.

IT IS HEREBY ORDERED that defendant's motion to dismiss be, and the same hereby is, GRANTED. The Clerk of the Court shall enter judgment herein accordingly.