**MARVIN F. POER AND COMPANY, et al., Appellants,**

v.

**The COUNTIES OF ALAMEDA, et al., Appellees.**

No. 83–5963.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 1983.

Decided Feb. 14, 1984.

---

Peter G. Aylward, Alyward, Kintz, Stiska, Wassenaar, & Shannahan, San Diego, Cal., for appellants.

Donald R. Lincoln, Jennings, Engstrand & Henrikson, San Diego, Cal., for appellees.

Before GOODWIN and TANG, Circuit Judges, and AGUILAR *, District Judge.

AGUILAR, District Judge:

Appellants brought an action at law against all California counties, their auditors and tax collectors, and others for a refund of property taxes paid for the 1978–1979 tax year, or for damages in the amount of taxes paid. The case presented the issue of the constitutionality of Article

---

XIIIA of the California Constitution ("Proposition 13") as applied to the taxpayers. Appellants sought a federal forum for their constitutional claims since federal courts, they argued, are free from political and precedential pressures of the state court system.

Appellees brought a motion to dismiss, based on the Tax Injunction Act, 28 U.S.C. § 1341, and other grounds. The District Court dismissed the suit on the basis that the Tax Injunction Act barred federal court consideration of Appellants' complaint. For the reasons stated below, we affirm the District Court's decision.

In 1937, Congress enacted the Tax Injunction Act, 28 U.S.C. § 1341 (hereafter "the Act"), which states:

> The district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State.

By its plain language, the Act deprives federal district courts of subject matter jurisdiction over actions for injunctive relief from state taxation schemes. *E.g., Moe v. Confederated Salish and Kootenai Tribes,* 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976); *Capitol Industries-EMI, Inc. v. Bennett,* 681 F.2d 1107 (9th Cir.1982). Actions for declaratory relief present similar considerations as claims for injunctive relief, and therefore are also precluded from review by federal courts. *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). *Housing Authority of the City of Seattle v. State of Washington,* 629 F.2d 1307, 1310 (9th Cir. 1980). Further, federal courts have generally dismissed cases in which plaintiffs have sought both injunctive or declaratory relief and a refund or damages. *Bland v. McHann,* 463 F.2d 21 (5th Cir.1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). *City of Burbank v. State of Nevada,* 658 F.2d 708 (9th Cir.

---

\* The Honorable Robert P. Aguilar, United States District Judge for the Northern District of California, sitting by designation.

1981). *Dillon v. State of Montana,* 634 F.2d 463 (9th Cir.1980).

In *Dillon v. State of Montana,* 634 F.2d 463 (9th Cir.1980), this Court reversed a district court that exercised jurisdiction over a mixed claim for injunctive relief and refund. While the mixed nature of the claim in *Dillon* provides a distinction from the instant case, the Court's analysis as to the refund portion of the claim applies with equal force here. In *Dillon* the Court stated:

> [T]he rule codified in § 1341 "is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems." (citation)

> The "broad jurisdictional impediment" of § 1341 must be applied to tax refund suits if the concerns of Congress are to be meaningfully effectuated. Were it otherwise, the artful pleader in much state tax litigation could evade § 1341 by praying only for a tax refund.... The practical effect on state fiscal operations of a federal court's refund order differs little from the effect of the declaratory or injunctive relief a federal court is clearly forbidden by § 1341 to provide.... We discern no significant distinction between the intrusiveness of federal injunctive and declaratory proceedings undoubtedly forbidden by § 1341 and that of a tax refund proceeding in federal court. Accordingly, as has every circuit court with whose rulings we are familiar, we continue to hold that § 1341 bars refund actions in federal court when adequate state remedies are available. (citations).

*Id.* p. 466.

■ As indicated in *Dillon,* the efficacy of the Act's jurisdictional bar could be readily circumvented if the federal courts exercised jurisdiction over tax refund actions. Under these circumstances, the operation of the Tax Injunction Act would be frustrated. Thus, although the language of the Act does not specifically cover actions for refund or damages, federal court consideration of such cases must be barred lest the Tax Injunction Act be deprived of its full effect.

Our approach is consistent with the recent Supreme Court decision in *Fair Assessment in Real Estate v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). In *Fair Assessment,* the Supreme Court expressly declined to determine whether the Tax Injunction Act applies to damages actions under 42 U.S.C. § 1983. *Id.* 454 U.S. at 107, 102 S.Ct. at 181. Rather, the Court decided that "the principle of comity bars federal courts from granting damages relief." *Id.*

The Supreme Court in *Fair Assessment* examined both the pre-Act and the post-Act vitality of the comity principle. The Court discussed the local concern in the collection of taxes and federal court reluctance to interfere with state fiscal operations. The Court summarized its concerns by quoting the District Court with approval.

> "To allow such suits would cause disruption of the states' revenue collection systems equal to that caused by anticipatory relief. State tax collection officials could be summoned into federal court to defend their assessments against claims for refunds as well as prayers for punitive damages, merely on the assertion that the tax collected was willfully and maliciously discriminatory against a certain type of property. Allowance of such claims would result in this Court being a source of appellate review of all state property tax classifications." *Fair Assessment in Real Estate Assn., Inc. v. McNary,* 478 F.Supp. 1231, 1233–1234 (1979).

*Id.* p. 114.

Accordingly, the Court in *Fair Assessment* held that so long as state remedies are plain, adequate, and complete, taxpayers must seek protection of their federal rights by those state remedies. *Id.* 454 U.S. at p. 116, 102 S.Ct. at 186.

Based on the reasoning of the *Dillon* opinion, and applying the principle of comity as discussed in *Fair Assessment,* we affirm the district court's dismissal of the complaint.

AFFIRMED.