William FIEDLER, Individually and as Town Supervisor of the Town of Hardenburgh, Thomas Desmond, Individually and as Assessor of the Town of Hardenburgh, the Town of Hardenburgh, Thomas & Linda Desmond, Individually, William & Delia Fiedler, Individually, James A. & Alison S. Brust, Individually, Vincent & Nancy Prior, as Member of the Town Board, David & Lucille Hoag, Individually, Robert Schroeder, Jr. & Edna Schroeder, Individually and as Town Clerk, and the Town Board of the Town of Hardenburgh, Plaintiffs,

v.

The STATE OF NEW YORK, the State Board of Equalization and Assessment, and the Office of Real Property Services, Defendants.

No. 95–CV–1557.

United States District Court,
N.D. New York.

May 8, 1996.

Galvin, Morgan Law Firm, Delmar, NY, for Plaintiffs; Madeline Sheila Galvin, of counsel.

Office of the Attorney General, Department of Law, Albany, NY, for Defendants; David Fruchter, Asst. Atty. Gen., of counsel.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

**Plaintiffs,** all of whom are either officials, residents, or representative entities of the Town of Hardenburgh, New York, originally commenced this action by filing a complaint on November 2, 1995. Calling themselves "aggrieved taxpayers," plaintiffs are suing under the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, the Fourteenth Amendment, 42 U.S.C. §§ 1985 and 1985(3), and New York Law. They generally claim that they have borne an inequitable burden of taxation as private property owners when compared with the burden borne by the state, which owns approximately 58% of the land in the Town of Hardenburgh. Plaintiffs assert that **defendants**—the state and two of its tax-related agencies—have, *inter alia*, consistently challenged the local tax assessor's assessments, "costing the tiny [town] enormous legal fees," before offering to "settle" these proceedings on terms favorable to its own interests. (Pls' Mem.Opp.Dism. at 7.) Finally, plaintiffs claim that "State court deference to the decision-making by fiat of the State and agency defendants violates numerous constitutional principles ... all resulting in the denial of equal protection to taxpayers similarly situated to the State-as-landholder...." (*Id.* at 2.)

Defendants now move to dismiss on one narrow basis—that the Eleventh Amendment grants them immunity from this action in federal court. Plaintiffs first counter that Congress has abrogated the state's immunity by enacting the TIA, which permits a federal court remedy in situations where a "plain, speedy, and efficient remedy" is unavailable in state court. Unhappy with their experiences in state forums, plaintiffs obviously believe that the TIA applies here. Plaintiffs second opposition argument is that when state officials act in a manner that violates constitutional rights, as they may have here, injunctive or declaratory relief against them in federal court is not barred by the Eleventh Amendment. Plaintiffs cite the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in support of this latter theory.

## II. DISCUSSION

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State." U.S. Const. amend. XI. This immunity is far-reaching, barring all suits, whether for injunctive, declaratory, or monetary relief, against the state and its departments, *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984), by citizens of another state, foreigners, or its own citizens. *Hans v. Louisiana,* 134 U.S. 1, 21, 10 S.Ct. 504, 509, 33 L.Ed. 842 (1890). The Eleventh Amendment also bars suits for monetary relief against state officials sued in their official capacity. However, as plaintiffs correctly have stated, the amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief. *Ex parte Young,* 209 U.S. at 157, 28 S.Ct. at 452.

The immunity provided for by the Eleventh Amendment is not applicable under two sets of circumstances: (1) where a state has itself waived its immunity from federal suit; and (2) where Congress has abrogated the state's immunity. *See, e.g., Thiokol Corp. v. Department of Treasury,* 987 F.2d 376, 381 (6th Cir.1993). Plaintiffs in this case do not claim that the state has waived its immunity, but they do argue that Congress intended to abrogate the states' immunity by passing the TIA. The Supreme Court has established and adhered to a strict test for Congressional elimination of state sovereignty by statute. This test requires unequivocal textual support, because "Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by

making its intention unmistakably clear in the language of the statute." *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985). While "falling short of requiring Congress to explicitly [make] reference to the Eleventh Amendment or state sovereign immunity ... the [Supreme] Court has consistently found no abrogation in the absence of the requisite clear statutory language the *Atascadero* test requires." *Thiokol,* 987 F.2d at 381; *see also Dellmuth v. Muth,* 491 U.S. 223, 233, 109 S.Ct. 2397, 2403, 105 L.Ed.2d 181 (1989).

In its entirety, the TIA states that "[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA reflects "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 103, 102 S.Ct. 177, 179, 70 L.Ed.2d 271 (1981). Although the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damage actions as well. *Id.* at 105, 102 S.Ct. at 180–81. Only when the state remedy is inadequate may a federal court interfere with the state's tax processes.

Plaintiffs here admit that the Eleventh Amendment question for the Court to decide is a relatively straightforward one: "Does the language of the [TIA] make 'unmistakably clear' Congress' intention that federal court review be available when a state is not supplying a 'plain, speedy, and efficient remedy' to its aggrieved taxpayers?" (Pls' Mem.Opp.Dism. at 4.) Not surprisingly, plaintiffs believe that it does. They point to several cases in which the Supreme Court has construed the TIA when it was cited by taxpayer plaintiffs in federal court against states and their agencies. *See, e.g., National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* — U.S. —, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995); *Franchise Tax Bd. v. Alcan Aluminium Ltd.,* 493 U.S. 331, 110 S.Ct. 661, 107 L.Ed.2d 696 (1990). Because the Supreme Court actually analyzed whether these states offered adequate remedies,

plaintiffs argue, it affirmed by implication that federal court review under the TIA is not totally barred by the Eleventh Amendment even when a state is the defendant. Thus plaintiffs contend that the "plain language" of the TIA affords them "a right to federal court review of state taxpayer remedies in limited circumstances where the state remedy is inadequate, as has been pleaded here...." (Pls' Mem.Opp.Dism. at 6 (citing *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 10–11, 109 S.Ct. 2273, 2279–80, 105 L.Ed.2d 1 (1989), *overruled on other grounds, Seminole Tribe v. Florida,* — U.S. —, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)).)

Defendants counter that the TIA contains no explicit and clear language indicating on its face that Congress intended to sweep away Eleventh Amendment immunity when it passed the Act. In fact, "there is no evidence whatsoever in the Act's language of any intent to abrogate immunity." (Defs' Mem.Supp.Dism. at 3.) Defendants also see plaintiffs contention that the Supreme Court has recognized abrogation "by implication" as "utterly baseless." (*Id.*) First, the cases cited by plaintiffs to support their argument do not even discuss the Eleventh Amendment issue. Second, evidence of Congressional intent to abrogate state immunity "must be 'unmistakably clear in the language of the statute,' not implied from court decisions." (*Id.* (quoting *Atascadero,* 473 U.S. at 242, 105 S.Ct. at 3147).)

After reviewing the caselaw, the Court finds for defendants in this case. Most importantly, the Court agrees with defendants that no explicit indication that Eleventh Amendment immunity was intended to be abrogated appears on the face of the TIA, and plaintiffs cite no explicit indications in the legislative history. Plaintiffs acknowledge that immunity only can be abrogated when Congressional intent to do so is indisputable *in the language of the statute,* but all they have cited are several cases that do not even discuss the Eleventh Amendment issue. This showing simply is not sufficient, especially when cases exist that specifically bolster the opposite conclusion. *V.O. Motors v. California State Bd. of Equalization,* 691 F.2d 871, 873 (9th Cir.1982) (holding that the

TIA does not abrogate state's immunity under the Eleventh Amendment).

 The Court also finds that plaintiffs' invocation of *Ex parte Young*, which prohibits a state from extending its Eleventh Amendment immunity to individuals who act as state officers without constitutional authority, *see Georgia R.R. & Banking Co. v. Redwine*, 342 U.S. 299, 306, 72 S.Ct. 321, 325, 96 L.Ed. 335 (1952), does not salvage their Complaint. Plaintiffs argue that, because they essentially have brought an action to enjoin the actions of a group of state officers, *Ex parte Young* is applicable. However, in this case plaintiffs have named no individual officers of the State of New York as defendants; they officially seek relief only against the state and two of its agencies. The Court cannot simply deem the Complaint to be asserted against state officers when plaintiffs themselves have not done so. As defendants correctly assert, "if plaintiffs want to assert claims against State officials, it is plaintiffs' responsibility to identify those officials and take the steps required under the Federal Rules of Civil Procedure to make them parties to a lawsuit." (Defs' Reply Mem.Supp. Dism. at 4.)

## III. CONCLUSION

New York has not waived its Eleventh Amendment immunity from this type of lawsuit, nor has Congress explicitly abrogated the immunity. As a result, defendants' motion to dismiss the Complaint is hereby GRANTED and the Complaint is DISMISSED. This dismissal is without prejudice, however, and plaintiffs may amend the Complaint by naming state officers as defendants pursuant to Fed.R.Civ.P. 15(a) within forty-five (45) days of the filing of this Memorandum–Decision and Order.

**IT IS SO ORDERED.**