139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin W. SIMMONS, M.D., Plaintiff-Appellant,
v.
Margaret WEERSING, Defendant-Appellee,
and
Ellen Knoefel; Lawrence Keethe; Robert Stacy; D.B.
Krauter; Victoria L. Bradwhaw; Karl W.
Grossenbacher, Defendants.
 No. 97-15709.
D.C. No. CV-96-06290-OWW.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Oliver W. Wanger, District Judge, Presiding.
 Before PREGERSON, CANBY and LEAVY, Circuit Judges.
 
 
 1
 M0EMORANDUM*
 
 
 2
 Marvin Simmons appeals pro se the district court's dismissal for lack or subject matter jurisdiction of his action, pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, alleging that employees of California's Employment Development Department, a state Deputy Attorney General and an employee of the state Department of Health Services violated his civil rights by pursuing a levy against him to obtain overdue payroll taxes for employer unemployment insurance contributions. The district court concluded that the action was barred by the Tax Injunction Act (the "Act"), 28 U.S.C. § 1341, and by principles of comity.
 
 
 3
 The Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the court of such State." 28 U.S.C. § 1341. The Act bars federal lawsuits for declaratory and injunctive relief, see California v. Grace Brethren Church, 457 U.S. 393, 411, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982), and for damages, see Marvin F. Poer & Co. v. Counties of Alameda, 725 F.2d 1234, 1236 (9th Cir.1984).
 
 
 4
 We conclude that the unemployment contribution is a tax. Cf. Bidart Bros. v. California Apple Comm'n, 73 F.3d 925, 931-32 (9th Cir.1996); Hawaiian Telephone Co. v. State Dep't. of Labor & Ind. Relations, 691 F.2d 905, 910-11 (9th Cir.1982) (unemployment compensation program is a state tax program under the Act). Simmons has a plain, speedy and efficient remedy in state court, because he may seek a refund through state administrative procedures, see Grace Brethren Church, 457 U.S. at 412; Cal.Rev. & Tax.Code § 6901-07, or he may assert his section 1983 claims in state court, see Martinez v. State of Cal., 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) (noting that state courts may entertain section 1983 claims).
 
 
 5
 Accordingly, the district court did not err by dismissing Simmons's action for lack of subject matter jurisdiction. See 28 U.S.C. § 1341; Grace Brethren Church, 457 U.S. at 412; Bidart, 73 F.3d at 931-32.[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's dismissal on the basis of lack of subject matter jurisdiction, we do not consider Simmons remaining arguments concerning the inapplicability of comity and Eleventh Amendment immunity