**Kenneth B. QUANSAH, Jr., Plaintiff—Appellant,**

v.

**CITIBANK; et al., Defendants— Appellees.**

**No. 03–17392.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Kenneth B. Quansah, Jr., San Jose, CA, pro se.

Cheryl A. Orr, Esq., Barry D. Hovis, Esq., Musick, Peeler and Garrett, Los Angeles, CA, Paul D. Gifford, Esq., Attorney General's Office, Oakland, CA, for Defendants–Appellees.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, KOZINSKI, and BEA, Circuit Judges.

## MEMORANDUM **

Kenneth B. Quansah, Jr., appeals pro se from the district court's judgment dismissing his action against two banks and the State of California Franchise Tax Board, alleging that his due process rights were violated by the banks' cooperation with the State's tax collection activities. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Jerron West, Inc. v. Cal. State Bd. of Equalization*, 129 F.3d 1334, 1337 (9th Cir.1997), we affirm.

The district court properly concluded that, under the Tax Injunction Act, 28 U.S.C. § 1341, it lacked jurisdiction over Quansah's action because Quansah sought "interference with California's tax assessment · and collection process." *Jerron West*, 129 F.3d at 1337; *see also Marvin F. Poer & Co. v. Counties of Alameda*, 725 F.2d 1234, 1236 (9th Cir.1984) (holding that the Tax Injunction Act applies to actions for damages).

Quansah's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).