**Charles T. MILLER, Plaintiff,**

v.

**STATE OF NEW YORK DIVISION OF TAX APPEALS and Department of Taxation and Finance, Defendants.**

**No. 06–cv–0885 (ADS)(ETB).**

United States District Court, E.D. New York.

March 15, 2007.

Charles T. Miller, Jamaica, NY, Plaintiff Pro se.

Office of the Attorney General of New York State by Valerie Singleton, Assistant Attorney General, Mineola, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Charles T. Miller (the "Plaintiff" or "Miller"), *pro se*, brings this action against the State of New York Division of Tax Appeals ("Division of Tax Appeals") and the New York State Department of Taxation and Finance (the "Department of Taxation") (collectively the "Defendants"), pursuant to 42 U.S.C. § 1983. The Plaintiff alleges that, in violation of his constitutional rights, the Defendants unlawfully assessed income taxes against him. The Plaintiff seeks a temporary restraining order, preliminary injunction and monetary damages enjoining the Defendants from enforcing a Notice of Deficiency against him for his failure to pay his income taxes for the 1994 tax year.

Presently before the Court is a motion by the Defendants to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(1) and a motion in opposition to the Plaintiff's request for a preliminary injunction.

### I. BACKGROUND

The Court is required to read the Plaintiff's *pro se* complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Further, at this stage of the proceedings, the Court assumes the truth of the allegations in the complaint. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2d Cir. 1999). For the following background facts, the Court relies on the information

contained in the Plaintiff's complaint, the order to show cause for a preliminary injunction and the attachments submitted with those documents.

In 1994, the Plaintiff filed a Federal income tax return, indicating that his residence was located in New York City. In January 1999, the Department of Taxation issued a Notice of Deficiency against the Plaintiff for failure to pay New York State and New York City income taxes for the year 1994. At that time, the Department of Taxation informed the Plaintiff that he owed $5,445.82, including interest and penalties up to that date. In March 1999, the Plaintiff filed a petition with the Division of Tax Appeals for redetermination of the deficiency assessed by the Department of Taxation. The Plaintiff also requested a hearing in the Small Claims Unit of the Division of Tax Appeals alleging that he was entitled to a tax credit because he paid taxes to the State of New Jersey in the year 1994.

In January 2002, the Division of Tax Appeals held a hearing before Hearing Officer Dennis M. Galliher. The Plaintiff appeared *pro se* at the hearing. The hearing was adjourned for two months in order to permit the Plaintiff to produce documentation confirming that he paid income taxes to the State of New Jersey for the 1994 tax year. The Plaintiff alleges that the Division of Tax Appeals failed to schedule an additional hearing and failed to provide him with any documentation. It is unclear whether the Plaintiff submitted documentation to the Division of Tax Appeals confirming that he had paid New Jersey taxes.

The Division of Tax Appeals denied the Plaintiff's petition for re-determination and upheld the January 1999 Notice of Deficiency, finding that the Plaintiff failed to produce any supporting documentation for his claim that he was entitled to a tax credit.

On March 15, 2006, the Plaintiff filed the present action, pursuant to 42 U.S.C § 1983, alleging that the Defendants unlawfully found that he had failed to pay income taxes for the 1994 tax year, in violation of his constitutional rights. The Plaintiff attached to his submissions a letter dated February 27, 2006, from the New Jersey Division of Taxation confirming his payment of New Jersey taxes in 1994, well after the conclusion of his proceedings before the Division of Tax Appeals. The Plaintiff contends that the Defendants refused to provide him with documents supporting the Division of Taxation's claim that he failed to pay owed taxes and that he did not have a fair hearing before the Division of Tax Appeals because statements were made off the record during his hearing. The Plaintiff also alleges that the Division of Taxation unlawfully assessed him for income taxes for 1993, and that the Division of Appeals pressured him into settling the matter pursuant to a stipulation of discontinuance.

On May 9, 2006, the Defendants moved to dismiss the complaint and submitted opposition to the Plaintiff's motion for a preliminary injunction. However, the Defendants did not electronically file their motion papers until October 11, 2006. The Defendants argue that this Court lacks subject matter jurisdiction over the Plaintiff's complaint because the Tax Injunction Act bars this Court from enjoining a state tax assessment. The Defendants further contend that the Court lacks jurisdiction because the Eleventh Amendment grants sovereign immunity to the states.

In opposition to the Defendants' motion, the Plaintiff reiterates his claims and specifically notes that the purpose of his suit is to enjoin the Defendants from enforcing the Notice of Deficiency.

## II. DISCUSSION

### A. Standard of Review for Motion to Dismiss

 The Court is mindful that the Plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes,* 449 U.S. at 9, 101 S.Ct. 173 (quoting *Haines,* 404 U.S. at 520, 92 S.Ct. 594). District courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law...." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (internal quotations and citation omitted).

### 1. Rule 12(b)(1)

 When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *See Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d Cir. 2001); *Antares Aircraft, L.P. v. Fed. Rep. of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), vacated on other grounds, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992).

### B. As To The Plaintiff's Claims

 The Plaintiff alleges that the Defendants violated his constitutional rights in violation of 42 U.S.C. § 1983. To state a claim under Section 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993).

### 1. As To The Tax Injunction Act

 The Tax Injunction Act ("TIA") provides that a district court shall not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C § 1341. The Supreme Court has "interpreted and applied the Tax Injunction Act as a jurisdictional rule and a broad jurisdictional barrier." *Arkansas v. Farm Credit Serv.,* 520 U.S. 821, 825, 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997). The TIA prevents the federal courts from exercising subject matter jurisdiction over a plaintiff's attempt to prevent a state from collecting taxes. *See Schuler v. Board of Educ.,* No. 96–cv–4702, 2000 WL 134346, at *2–3, 2000 U.S. Dist. LEXIS 1006, at *9 (E.D.N.Y. Feb. 1, 2000); *Xuong Trieu v. Urbach,* No. 98 Civ. 8278, 1999 WL 461316, at *5, 1999 U.S. Dist. LEXIS 10172, at *13–14 (S.D.N.Y. July 7, 1999) ("Because New York provides remedies which afford [the plaintiff] a plain, speedy and efficient state remedy, including an opportunity to raise all constitutional objections to the assessment of taxes imposed, both comity and the Tax Injunction Act bar access to this court. Thus the defendant's motion to dismiss for

lack of subject matter jurisdiction is granted").

The Supreme Court has noted that a goal of the TIA is to "stop taxpayers, with the aid of an injunction, from withholding large sums, thereby disrupting state government finances." *Hibbs v. Winn*, 542 U.S. 88, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004) ("In short, in enacting the TIA, Congress trained its attention on taxpayers who sought to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing authority"). In *Hibbs*, the Court determined that the TIA bars cases in which "state taxpayers seek federal-court orders enabling them to avoid paying state taxes." *Hibbs*, 542 U.S. at 107, 124 S.Ct. 2276. The Court found that, rather than filing a federal lawsuit, a taxpayer must "pursue refund suits instead of attempting to restrain collections." *Id.* at 104, 124 S.Ct. 2276.

■ As long as the state provides sufficient remedies, the taxpayer is prohibited from filing suit in federal court. *See Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976) "Furthermore, although the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damages actions as well." *Smith v. N.Y. State Dep't of Taxation & Fin.*, No. 01 CV 1776, 2002 WL 1150013, at *1, 2002 U.S. Dist. LEXIS 10375, at *5 (E.D.N.Y. May 17, 2002) (internal citations omitted); *Fiedler v. New York*, 925 F.Supp. 136, 138 (N.D.N.Y.1996) ("Although the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damage actions as well").

The Supreme Court has determined that New York provides sufficient remedies for taxpayers in the state courts. *Tully*, 429 U.S. at 75, 97 S.Ct. 219. Specifically, the Court found that "[d]espite the provisions of its taxing statutes that provide that judicial review of an administrative determination shall be a taxpayer's only remedy, the New York courts have consistently held that other procedures, including an action for a declaratory judgment, may be used when the claim is that the tax is unconstitutional." *Id.* ("It also seems clear that under New York law [the plaintiff] can fully preserve its right to challenge the amount of tax due while litigating its constitutional claim that no tax at all can validly be assessed against it"). Moreover,

> The specific remedies available to the plaintiff here are plain, speedy and efficient and thus procedurally adequate under § 1341 and principles of comity. New York tax law permits a taxpayer to contest a tax assessment by making a claim subject to administrative and judicial review. It allows a taxpayer to petition to the Tax Commission and grants the taxpayer an opportunity for a hearing on reasonable prior notice ... He may also petition for redetermination of a deficiency pursuant to N.Y. Tax Law § 689(b). New York Tax Law § 2016 and Article 78 provide for judicial review of a decision of the Tax Appeals Tribunal before the Appellate Division, Third Department ... A petitioner could also seek leave to appeal to the New York Court of Appeals.

*Xuong Trieu*, 1999 WL 461316 at *4–5, 1999 U.S. Dist. LEXIS at *12.

■ However, "third-party suits not seeking to stop collection (or contest the validity) of a tax imposed on plaintiffs" are outside the scope of the TIA. *Hibbs*, 542 U.S. at 104, 124 S.Ct. 2276. As such, § 1341 does not prohibit taxpayers "from pursuing constitutional challenges to tax benefits in a federal forum," when the plaintiff is not seeking to challenge his "liability for state taxes," but rather challenges matters of "state tax administra-

tion." *Id.* at 105–06, 108, 124 S.Ct. 2276. *See also Luessenhop v. Clinton County, New York*, 466 F.3d 259, 265, 268 (2d Cir.2006) (The plaintiff challenged the means employed by local government to inform individuals that, due to their tax delinquency, title to their property would be transferred and sold at a public auction. The court held that the TIA did not bar such suits because "the taxpayers are not attempting to avoid paying state taxes" and were "willing to pay the full amount of their property taxes, both current and back"); *Wells v. Malloy*, 510 F.2d 74, 76–77 (2d Cir.1975) (the Second Circuit held that a taxpayer's challenge of a Vermont law suspending that person's license for failure to pay a vehicle tax, "did not implicate the TIA because the taxpayer did not dispute that the tax was due"). In *Hibbs*, the Court permitted the plaintiffs to proceed with a § 1983 suit because, although they challenged the constitutionality of a state law authorizing income-tax credits for payments to organizations that award educational scholarships to children attending private schools, they did "not contest their own tax liability." *Hibbs*, 542 U.S. at 93, 124 S.Ct. 2276.

 In the present case, the Plaintiff seeks to enjoin the Defendants from enforcing the Notice of Deficiency, and accordingly, requests that this Court prevent the Defendants from collecting income taxes from him. As such, the relief requested by the Plaintiff falls within the scope of the TIA. As the Supreme Court determined, the TIA was designed expressly to restrict the jurisdiction of the district courts over suits "relating to the collection of State taxes." *Hibbs*, 542 U.S. at 104, 124 S.Ct. 2276 (internal citations omitted). The Plaintiff contends that he is not liable for taxes allegedly owed to New York for the tax year 1994, and that he was erroneously forced to pay taxes for the tax year 1993. The Plaintiff is challenging his own tax liability, contrary to the plaintiffs in *Hibbs, Luessenhop*, and *Wells*, who were challenging the enforcement or application of state tax practices, rather than their own liability. The Plaintiff seeks to avoid paying taxes and as a result, "reduce the flow of state tax revenue," which is precisely what Congress intended to restrict in passing the TIA. *Hibbs*, 542 U.S. at 106, 124 S.Ct. 2276; *Luessenhop*, 466 F.3d at 267. In addition, New York provides sufficient remedies for the Plaintiff in the state court.

As such, this Court lacks subject matter jurisdiction over the Plaintiff's claims. Although the Plaintiff also notes that the Defendants failed to provide him with proper documents and that his hearing before the Division of Tax Appeals was unfair, the Plaintiff repeatedly states that the purpose of his lawsuit is to avoid paying New York taxes. This Court lacks subject matter jurisdiction over the Plaintiff's complaint. Accordingly, the complaint is dismissed and the Plaintiff's motion for a preliminary injunction is denied as moot.

### 2. As To The Eleventh Amendment

 The Eleventh Amendment also prohibits this Court from exercising jurisdiction over the Plaintiff's present suit. The Eleventh Amendment bars "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000) (citing *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669–670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)). Therefore, a motion to dismiss on the ground of state immunity is a jurisdictional matter properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A State is thus immune from suits in federal court brought by its own citizens, and such immunity extends to officers acting on behalf of the State. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144–47, 113 S.Ct. 684, 687–690, 121 L.Ed.2d 605 (1993).

The Department of Taxation is a state agency entitled to Eleventh Amendment immunity. *Smith,* 2002 WL 1150013 at *2–3, 2002 U.S. Dist. LEXIS at *8–9 (citing *Tuckett v. New York State Dep't of Taxation and Finance,* No. 99 Civ. 0679, 2000 WL 1028662 at *1, 2000 U.S. Dist. LEXIS 10375 at *3 (S.D.N.Y. July 26, 2000)). The Division of Tax Appeals is a division of the Department of Taxation. Therefore, Plaintiff's claims are barred by the Eleventh Amendment, absent a waiver of immunity, consent to suit by the state, or abrogation of the immunity by Congress.

"[N]o explicit indication that Eleventh Amendment immunity was intended to be abrogated appears on the face of the TIA." *Fiedler,* 925 F.Supp. at 138–139 (citing *V.O. Motors v. California State Bd. of Equalization,* 691 F.2d 871, 873 (9th Cir. 1982)) (holding that the TIA does not abrogate state's immunity under the Eleventh Amendment). "New York has not waived its Eleventh Amendment immunity from this type of lawsuit, nor has Congress explicitly abrogated the immunity." *Id.*

Accordingly, as a result of Eleventh Amendment immunity, this Court lacks jurisdiction over the Plaintiff's complaint and the complaint is dismissed.

## III. *CONCLUSION*

Based on the foregoing, it is hereby

**ORDERED** that the Defendants' motion to dismiss the complaint is **GRANTED;** and it is further

**ORDERED** that the claims against the Defendants are dismissed with prejudice; and it is further

**ORDERED** that the motion for a preliminary injunction is **DENIED;** and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**