**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID LEE HUDDLESTON,

    Plaintiff - Appellant,

v.

SUSANA MARTINEZ; JOHN
MONFORTE; ANTHONY MOYA,

    Defendants - Appellees.

No. 20-2044
(D.C. No. 2:18-CV-01075-KWR-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

David Lee Huddleston appeals pro se from a district court order that dismissed his

tax-protestor lawsuit against former New Mexico Governor Susana Martinez and New

Mexico Taxation and Revenue Department employees John Monforte and Anthony

Moya. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm for substantially the

same reasons identified by the district court.

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his complaint, Huddleston alleged that the defendants "have unlawfully stolen/extorted [his] private property . . . by making false claims and using their positions in a collection agency known as New Mexico Taxation and Revenue Department to . . . steal all that was in [his] bank account." R., Vol. I at 9. He claimed that because his "submission to the income tax act is voluntary," the defendants committed fraud, extortion, racketeering, and federal constitutional violations by asserting that he "owe[s] something." *Id.* at 9-10. He ultimately sought damages and an injunction prohibiting the Department from "collecting payments from [his] bank account and threatening to [l]evy [his] private property." *Id.*, Vol. II at 10.

The defendants moved to dismiss Huddleston's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court sua sponte examined its jurisdiction to consider Huddleston's claims, and in a well-reasoned memorandum opinion and order, concluded that it lacked jurisdiction and that Huddleston's complaint had to be dismissed without prejudice under Rule 12(b)(1). We review de novo. *Chamber of Com. of U.S. v. Edmondson*, 594 F.3d 742, 760-61 (10th Cir. 2010).

As the district court explained, the Tax Injunction Act (TIA) prohibits district courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA "divest[s] the federal courts of subject matter jurisdiction over claims challenging state taxation procedures where the state courts provide a plain, speedy and efficient remedy." *Marcus v. Kan. Dep't of Revenue*,

2

170 F.3d 1305, 1309 (10th Cir. 1999) (internal quotation marks omitted). The TIA's "broad limitation on federal court interference with state collection of taxes is not limited to injunctive relief," as it "bars declaratory relief and suits for damages as well." *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986) (citation omitted).

Challenging the dismissal on appeal, Huddleston provides a number of theories with no supporting legal or record citations. For instance, he contends that "all of [the defendants'] actions are unlawful and fruit of the Poison Tree" because they "cannot establish that [he] is a taxpayer, when the lawmaking society has determined he is not." Aplt. Opening Br. at 6. He also contends that a federal action is his only available remedy because his claims have already been rejected in state court, *see Huddleston v. N.M. Tax'n & Revenue Dep't*, No. 35,397, 2017 WL 2115792 (N.M. Ct. App. Apr. 11, 2017) (affirming the administrative denial of Huddleston's tax protest).

While we liberally construe pro se pleadings, a pro se appellant must provide "supporting authority" for his assertions of error. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (internal quotation marks omitted). We do not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* at 840. Huddleston's appellate briefs are largely devoid of supported, coherent arguments. Insofar as he contends that his prior state court litigation renders the TIA inoperative, he is mistaken. *See Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172, 175 (7th Cir. 1978) (stating that "taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of the remedy"); *see also Cities Serv. Gas Co. v. Okla. Tax Comm'n*, 656 F.2d 584, 586 (10th Cir. 1981) ("the likelihood

3

of plaintiff's success in the state court is not a factor to be considered when determining whether the jurisdictional prohibition of § 1341 applies").[1]

Accordingly, we affirm the district court's judgment for substantially the same reasons identified in its March 25, 2020, Memorandum Opinion and Order.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[1] To the extent Huddleston pled any of his claims against the defendants in their official capacities, the district court correctly noted the Eleventh Amendment bar to such claims. *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("[B]ecause an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity, the Eleventh Amendment provides immunity when state officials are sued for damages in their official capacity." (brackets and internal quotation marks omitted)). Finally, Huddleston has waived any challenge to the district court's order denying his post-judgment "Objection to Order and Decree." *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived[.]").